## KINSELL, Admr., v. BILLINGS.

**Fixtures:** SAW-MILL: ADMINISTRATOR AND HEIR.   A saw-mill, built in a permanent manner and attached to the soil, will, as between administrator and heir, be regarded as a part of the realty.   It is accordingly *held,* that an action would not lie by the administrator against a third person for its conversion.

*Appeal from Story Circuit Court.*

THURSDAY, OCTOBER 9.

THIS action was brought in the circuit court by the plaintiff as administrator of the estate of Isaac Mitchell, *deceased*, to recover of the defendant for an alleged conversion of a saw-mill situated upon land alleged to have belonged to plaintiff's intestate.

The answer consisted of, 1. A general denial; 2. That the property sued for was part of a water saw-mill, and

attached to certain real estate and was a part thereof, and denying that Mitchell ever held or owned any interest therein ; 3. Alleging that plaintiff's letters of administration were fraudulently sued out more than five years after the death of Mitchell. Jury trial. Verdict and judgment for plaintiff. Defendant appeals.

*J. S. Frazier* for the appellant.

No appearance for the appellee.

MILLER, J. — On the trial the defendant requested the court to give the following, among other instructions, viz.: "If you find from the evidence that said property, when defendant took possession of it, was attached to the real estate in the form of a saw-mill, dam, etc., it was a part of and belonging to the real estate, unless you further find that it was placed there by virtue of a lease with a right to remove at the end of said lease, or was put there by consent of or with the knowledge of the owner of the real estate and without his objection; and unless it was so put there under a lease or with the consent or knowledge of the owner of the said real estate and without his objection, it was in contemplation of law a part of the real estate; and in order to entitle plaintiff to recover he must show such lease from said owner, or knowledge on his part of said improvements."

The court refused to give the instruction, and this ruling is assigned as error. This instruction should have been given. The evidence tended very strongly, to say the least, to show that the mill was a part of the realty. It was erected by one who, at the time, claimed to be owner of the land on which it was situated, and it was built in a permanent manner, "partly in the bed of the river and partly in the bank," the injury to the mill, therefore, would be an injury to the real property, and the right of action would accrue to the heir and not to the adminis-

trator. As between landlord and tenant, the rule of law that whatever is annexed to the realty in the form of buildings, etc., becomes a part thereof, is liberally construed in favor of the tenant; but as between the heir and the executor or administrator the rule obtains with the greatest rigor in favor of the inheritance, and against the right to consider as a personal chattel any thing which has been affixed to the freehold. 2 Kent's Com., § 25, pp. 344, 345; 1 Wash. on Real Prop. 10–12, and cases cited.

It is too well understood to require the citation of authorities that the real estate of the intestate descends to the heirs at law, and that the personal property only goes to the administrator, unless the latter proves inadequate for the payment of the debts of the intestate when under the statute the administrator may be empowered to sell enough of the real property to make up the deficit. (See Rev., §§ 2374, 2375.) An administrator has no right to receive the rents of real property accruing after the death of the intestate. *Foteaux* v. *Lepage*, 6 Iowa, 123, 130; *Lepage* v. *McNamara*, 5 id. 124; *Beezley* v. *Burgett*, 15 id. 192. At the common law the administrator had no control over the real estate or over the rents and profits thereof, and such is still the law except where the statute provides otherwise.

Under the statute the administrator may maintain an action of forcible entry (Rev., § 3954); and by chapter 139 of Laws of 1866 it is provided, that "if there be no heirs or devisees of a testator or intestate present, or competent to take possession of the real estate left by such testator or intestate, the executor or administrator of his personal estate may, *as trustee for the proper heirs or devisees*, take possession of such real estate, and demand and receive the rents and profits arising therefrom, and sue for and receive the same, and do all other acts and things relating to such real estate which may be for the

benefit of the person entitled thereto, and consistent with their rights and interests." (§ 3.)

Whether under this provision of the statute an action for an injury to the real estate may be maintained by the executor or administrator we need not decide, for it is apparent that this action is not intended to be brought thereunder. The administrator or executor may, " *as trustee for the proper heirs or devisees*," take possession and collect the rents and profits, etc., only when there are " no heirs or devisees of the testator or intestate present or competent to take possession."

When acting under this statute the executor or administrator does so " as trustee for the proper heirs or devisees," and for their use and benefit, and not simply in his capacity as executor or administrator; and when suing under this provision, the existence of the facts which authorize him to sue for their benefit should be averred, viz.: That there are no heirs or devisees present or competent (as the case may be) to take possession.

The judgment of the circuit court is

Reversed.