WILLIAM HARVEY *et al.*

*v.*

RACHEL HARVEY, EXRX.

1. ABATEMENT—*of citation on guardian's death.* A proceeding in the county court against a guardian to compel him to account, is not a suit, either at law or in equity, and abates on the death of the guardian, even after appeal to the circuit court.

2. SAME—*costs.* Where a suit or proceeding abates on the death of one of the parties, each party is liable for his respective costs, and it is error to render judgment against the surviving party for all the costs.

3. CITATION—*does not lie against representative of a deceased guardian.* After the death of a guardian, before settlement of his accounts, no citation, under the statute, lies against his administrator to compel him to settle the guardian's account.

4. FEES—*master in chancery.* The statute fixes the amount of fees which masters in chancery are entitled to receive, and it is error for the court to allow a greater amount.

APPEAL from the Circuit Court of Livingston county; the Hon. N. J. PILLSBURY, Judge, presiding.

This proceeding originated in the county court of La Salle county. An appeal was taken to the circuit court of that county, and change of venue to the circuit court of Grundy, and afterwards to Livingston county, whence this appeal.

Mr. CHARLES HARVEY, and Mr. E. F. BULL, for the appellants.

Mr. L. E. PAYSON, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a proceeding, instituted in the county court of LaSalle county, by William Harvey and others, to compel Joel Harvey, their guardian, to render an account. A citation was issued upon a petition of the wards, which was served upon the guardian, who appeared and presented an account, which the court rejected. The court, from the testimony before it, found a certain amount due from the guardian to the wards, and, after stating the account, entered an order requiring the guardian, within a certain time, to pay over to the wards the amount found to be due. From this judgment of the county court the guardian appealed to the circuit court. While the appeal was pending, the guardian died, and, upon motion of the wards, his executrix, Rachel Harvey, was made a defendant to the proceeding. After she was served with process, she came into court, and entered her motion that the suit abate as to her. This motion the court allowed, and rendered a judgment against the wards for all the costs. To reverse this judgment they have appealed.

The proceeding was commenced against the guardian under section 8, chapter 47, Statutes of 1869, page 315, which provides, courts of probate shall have power, in their respective counties, with or without previous complaint, by an order duly made and served, to oblige all guardians of minors, from time to time, to render their respective accounts, upon oath, touching their guardianship, to said courts for adjustment, etc. A proceeding under this statute by citation has never been regarded as a suit, at law or in equity, in the sense the term "suit" has been used. So far as we are informed, it is a summary proceeding against the guardian personally, to compel an accounting, in which the court has power to enforce its orders by attachment, if necessary.

In *Gilbert* v. *Guptill*, 34 Ill. 137, this court considered the nature and character of a proceeding like this, and, in the decision of the point involved, said, the citation of a guardian

to account before a probate court is not in the nature of the action of account at law or in equity. It is merely a mode provided to ascertain the sum for which a guardian is chargeable in the probate court, and is the proper mode, in most cases, to lay a foundation for proceedings against the sureties on the guardian's bond, and in which no judgment is rendered. Similar language was used in considering the purpose and character of the proceeding in the following cases: *Reynolds* v. *The People,* 55 Ill. 333; *In re Steele,* 65 id. 322.

The guardian is appointed by the court. He may be regarded as a trustee, who acts, in many cases, under the supervision of the court, and there is wisdom in the act which authorizes the court to proceed against the guardian in a summary manner by citation; but we perceive no reason, nor are we aware of any principle, which would authorize the county court to proceed by citation against the personal representative of a guardian. If a guardian should die with money in his hands belonging to his wards, his estate could be reached by an appropriate action, and the sureties on the bond would be liable to suit in a proper action; but, in the absence of a statute providing that they might be proceeded against by citation, we are aware of no rule by which a remedy of that character could be invoked.

If we are correct in this view, it only remains to be determined whether a different rule should prevail where a guardian dies pending an appeal from the decision of the county court, where he has been cited to appear and account. Section 11, chapter 1, Rev. Stat. 1874, page 97, declares—

" When there is but one defendant in an action, proceeding or complaint, in law or equity, and he dies before final judgment or decree, such action, proceeding or complaint shall not, on that account, abate, if it might be originally prosecuted against the heir, devisee, executor or administrator of such defendant; but the plaintiff, petitioner or complainant may suggest such death on the record, and shall, by order of the court, have summons against such person or legal repre-

sentative, requiring him to appear and defend the action, proceeding or complaint, after which it may proceed as if it had been originally commenced against him." 

Under this act, it is apparent the proceeding would not survive, as it could not have been maintained originally against the executor of the guardian, and we are aware of no section of the statute that would save the proceeding after the guardian's death. The fact that the proceeding was pending on appeal, and the evidence had all been taken, and was ready for trial at the time the guardian died, can not affect the question. The statute gave the guardian the right to appeal from the decision of the county court. The effect of the appeal was to wipe out the decision of the county court, and the matter stood for trial *de novo* in the circuit court. The circuit court had the right to hear any and all evidence pertinent to the issue, and render such decision as the evidence would justify, regardless of the decision of the county court. We are, therefore, of opinion the wards had no greater rights from the fact the guardian died pending the appeal, than they would have had had the guardian died while the proceeding was pending in the county court, before a decision had been rendered.

The record, however, contains two errors, for which the judgment must be reversed. Upon disposing of appellee's motion to abate the proceeding, the court rendered judgment against appellants for all the costs. This was error. When the proceeding abated on the death of the guardian, each party to the record was liable for his own costs, and the judgment against appellants for all the costs was unauthorized. It also appears the proceeding had been referred to the master in chancery to take and report the proofs. The court allowed the master $150 for the services he had rendered. Section 20, chapter 53, Rev. Stat. 1874, page 511, fixes the fees the master in chancery is entitled to receive for services rendered, and concludes as follows: "No other fee or allowance whatever shall be made for services by masters in chancery." This

statute is conclusive of the question. The amount the master should receive for his labor was fixed and definite, and the court had no power to allow a greater amount.

For the errors indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*