HENRY W. KINGSBURY ET AL.

v.

ERNEST E. HUTTON ET AL.

*Guardian and Ward—Judgments and Decrees—Practice.*

An order of the County Court, that an ex-guardian pay over to his successor an amount found to be due the estate of his ward, is not a judgment to be executed by final process.

[Opinion filed April 8, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Messrs. WILSON, MOORE & McILVAINE, for appellants.

Messrs. MASON BROS., for appellees.

GARY, J. Although many questions are raised upon this record, it is necessary to touch but one; our negative answer to that, ends the case so far as this court can end it.

Evelyn Hutton, wife of the appellee named in the title above, and herself one of the appellees, in February, 1875, was, and for about eighteen months had been the guardian of the appellant named in the title above, he then being a minor. Heman G. Powers succeeded her, and John V. Le Moyne succeeded him as such guardian.

On the 30th day of November, 1877, the County Court of Cook County, upon an account taken of her guardianship, found that there was then "due from" her to the "estate" of her ward, the sum of $40,605.48, and ordered that she "pay over said amount forthwith to the" then "guardian of said estate," who was Le Moyne. Upon that order an execution in favor of Le Moyne has been issued and levied upon lands conveyed by her to her husband, before the execution issued, but after the order was entered, in consideration of their then marriage.

The husband filed this bill to enjoin proceedings upon that execution, or any other issued upon that order; the Circuit

Court made a decree granting the relief prayed, from which Kingsbury, who has attained his majority, and in whose interest the execution issued, has, with his co-defendants, appealed.

The question for decision is, was that order a judgment creating a lien upon lands and enforceable by execution? This question was involved in the case of Gilbert v. Guptill, 34 Ill. 112; though not in a manner indicating that it was regarded as important; and was, in terms, considered and answered by the court.

Gilbert was the guardian of Pinneo, called to account as such before the County Court of Kane County, by Guptill, administrator of Pinneo. By appeal and change of venue the case reached the Court of Common Pleas of the City of Elgin, and from the order of that court Gilbert appealed to the Supreme Court.

One error he assigned, as the opinion of Breese, J., states, was: "If the statute was no bar to the proceedings, yet all the court could have done was to state an account, having no power to render a judgment or enforce the payment of the same." To sustain this point the counsel of Gilbert quoted at length from 6 Clarke, 123 (Foteaux v. Lepage, 6 Iowa, 123).

The Supreme Court does not refer to the Iowa case in terms, but disposes of the point by saying : "Upon the next point we have to remark that it does not appear the court below entered up any judgment against the appellant, but found a certain sum due, and directed him to pay it over to the administrator. This finding fixed the amount of the recovery under the bond ; it is *res judicata* as to the amount."

This language describes accurately the order of the County Court here in question, and fixes its legal character. It has been several times since approved and the principle applied. Harvey v. Harvey, 87 Ill. 54, and cases there cited. · The order is not a judgment to be executed by final process.

This view disposes of the whole case of the appellants and the decree is therefore affirmed.

*Decree affirmed.*