EASON *v.* KICKLIGHTER, administrator, *et al.*

No. 6382. SEPTEMBER 15, 1928.

*F. A. Tuten, J. R. Cain,* and *M. L. Cherkas,* for plaintiff.

*C. L. Cowart, M. Price,* and *W. C. Hodges,* for defendants.

BECK, P. J. The Court of Appeals propounded to this court the following questions, and desires instruction thereon as being necessary to a decision of the above stated case:

"1. Can a ward, after becoming of age, cite the administrator of his deceased guardian to an accounting before the ordinary?

"2. If the foregoing question should be answered in the affirmative, could the surety on the bond of the deceased guardian be joined with the administrator in such a proceeding?

"3. If such a proceeding be authorized, would the ordinary having jurisdiction of the guardianship trust have jurisdiction over the 'administrator, who is a resident of another county, and who is administering the estate of his intestate in a still different county?

"4. If the third question should be answered in the negative, could such question of jurisdiction be raised by the surety on the guardianship bond ·after the administrator had appeared and pleaded to the merits?

"5. If it should be answered that such a proceeding is authorized, would it be so equitable in its nature as to deprive this court of jurisdiction of a writ of error brought to review the judgment of the superior court on appeal from the court of ordinary?"

We think the first question should be answered in the negative. So far as we are advised, this court has never passed directly upon this question. The Civil Code, § 4000 (5), provides for the priority of debts of this kind against the decedent who dies having trust funds in his possession or funds belonging to minors of which he is guardian, and that claims for such funds are entitled to the priority fixed in this section of the Code. And section 3773 declares that "The estate of a trustee dying, chargeable with trust funds in hand, shall be appropriated first to the payment of such indebtedness, after the funeral expenses, in preference to all other liens and claims whatever." There is nothing in these sections which indicates the character of action to which the ward who has attained his majority must resort to enforce his claim against a defaulting guardian; but that he can maintain his action for the collection of such claims in the first instance, at law or in equity, seems clear. And where an administrator has

been appointed for the deceased guardian, he could be joined in the action as party defendant. In the case of Harvey v. Harvey, 87 Ill. 54, it was held by the Supreme Court of Illinois: "We perceive no reason, nor are we aware of any principle, which would authorize the county court to proceed by citation against the personal representative of a guardian. If a guardian should die with money in his hands belonging to his wards, his estate could be reached by an appropriate action, and the sureties on the bond would be liable to suit in a proper action; but in the absence of a statute providing that they might be proceeded against by citation, we are aware of no rule by which a remedy of that character could be invoked." In Royston v. Royston, 29 Ga. 82, it was held that "There is no law authorizing the administrator of a deceased guardian to make returns to the court of ordinary of moneys paid out for the ward, either by the guardian in his lifetime, or by the administrator afterwards, and such returns, when made, are not evidence for the benefit of the guardian." And it would seem, in view of the decision last cited, that if there is no authority at law for the administrator of a deceased guardian to make returns to the court of ordinary, there would be no law to compel him to do so; and if he is not required to make these returns, the court of ordinary could not proceed, under the law in regard to citations, to cite the administrator to a settlement. And under the Illinois decision from which the above quotation is taken it was held, in effect, that, in the absence of a statute providing that the administrator of a deceased guardian might be proceeded against by citation, the county court (in Illinois), which has jurisdiction in regard to estates of decedents, somewhat similar to our courts of ordinary, could not entertain a proceeding of that character. See, in this connection, Stevenson v. Markley, 72 N. J. Eq. 686 (66 Atl. 186).

If the guardian was liable for money which belonged to his ward and which came into his hands by virtue of his guardianship, then a claim for this might be filed with the administrator of such guardian; and if it was not paid, suit could be brought for it in a court having jurisdiction. And to that remedy the ward, who had become of age, would be remitted. But the right to a citation exists in cases where the person sought to be brought into court by citation is compelled to make some kind of return; and

we do not think that the administrator is compelled to make his returns of the acts and doings of the deceased guardian for whose estate he is appointed administrator. Consequently we answer the first question in the negative.

Having answered the first question in the negative, it is apparent that it is unnecessary to answer the remaining questions.

*All the Justices concur.*