In the Matter of Estate of Henry Lawrence, Deceased.
Henry Lawrence, Jr., Petitioner-Appellant.

Gen. No. 10,648.

Opinion filed September 26, 1953. Rehearing denied February 3, 1954. Released for publication February 3, 1954.

HUBBARD, HUBBARD & DORGAN, of Chicago, for appellant; ALVIN G. HUBBARD, and DOMINICK VARRAVETO, JR., both of Chicago, of counsel.

THEODORE RUBOVITS, L. A. WESCOTT, and JOHN S. WOODWARD, all of Chicago, for appellee.

MR. PRESIDING JUSTICE DOVE delivered the opinion of the court.

William C. Atten, as the guardian *ad litem* for Henry Lawrence, Jr., filed, in the probate court of the Du Page county on July 24, 1950, his second amended petition in the estate of Henry Lawrence, deceased, in which he alleged, among other things, that Henry Lawrence died on the 9th day of March, 1949, and that letters of administration on his estate were issued to his widow, Maxine Lawrence, who is still acting as such administratrix, that at the time of the death of Henry Lawrence, and thereafter, the Oak Park National Bank of Oak Park, Illinois, was the trustee under three certain trust instruments known as trusts Nos. 1992, 1474 and 1244: that Maxine Lawrence was named sole beneficiary of said trusts in each of said three trust instruments: that Henry Lawrence, deceased, was during his lifetime the actual beneficiary under said trusts, and as such was entitled to all of the rents, earnings, avails and profits from the rental, management or sale of the properties described in said trust agreements and that Maxine Lawrence acted as beneficiary of said trusts solely for and on behalf of Henry Lawrence; that Maxine Lawrence has received from the Oak Park National Bank, as trustee, monies which said bank received from the rental and sale of the properties described in the several trust agreements which monies are in fact an asset of the estate of Henry Lawrence, deceased, and

118

should be ordered turned over to the administratrix of said estate and inventoried as an asset therein.

Citations were issued against Maxine Lawrence and the Oak Park National Bank as prayed in the petition. Maxine Lawrence answered the petition and denied that Henry Lawrence at any time was the beneficiary under the three trusts in question, and denied that under the terms of the trust instruments he was entitled to receive the rents and profits arising from the properties, and denied that she acted as the beneficiary under the terms of the trusts either for herself or on behalf of Henry Lawrence. She further denied that she received any monies from the Oak Park National Bank, as trustee, which belonged to the estate of Henry Lawrence or which should be inventoried as a part of his estate. The Oak Park National Bank also answered the petition and denied that Henry Lawrence or his estate was entitled to any of the rents or profits of the properties described in the several trust instruments.

A hearing was had upon the issues made by the petition and answers and the probate court on August 31, 1950, entered an order directing the Oak Park National Bank to immediately deliver to Maxine Lawrence, as administratrix of the estate of Henry Lawrence, all the rents and profits accruing from said trusts now in her hands or which may hereafter come into her hands. The order then directed Maxine Lawrence as such administratrix to receive these rents and profits for and on behalf of the estate of Henry Lawrence, and ordered her to file a supplemental or amended inventory on or before September 20, 1950 and charge herself with these rents and profits accruing from said three trusts and retained jurisdiction to compel performance of the order.

Maxine Lawrence took an appeal from the above order to the circuit court. After the appeal had been

duly perfected, Maxine Lawrence died. The Oak Park National Bank was appointed executor of her last will and testament. As such executor, it filed a special and limited appearance in the circuit court in the citation proceeding and objected to further proceedings in this case, and assigned as grounds therefor these reasons: (1) Oak Park National Bank, as executor as aforesaid, has never been made a party to this cause by summons or otherwise and (2) By reason of the decease of Maxine A. Lawrence, the appellant herein, as appears of record, this court now has no jurisdiction other than to enter an order vacating and setting aside the order of the probate court of Du Page county herein appealed from. Upon a hearing had in the circuit court that court entered the following order: "It is hereby ordered that by reason of the decease of Maxine A. Lawrence, the appellant herein, as appears of record, that that part of the order of the probate court of Du Page county, herein appealed from, be and the same is hereby vacated and set aside." It is to reverse this order that Henry Lawrence, Jr., has appealed to this court.

 Counsel for appellant contends that the circuit court should have dismissed the appeal of Maxine Lawrence, since it appeared by her sworn pleadings in the probate court, and the record certified to the circuit court on appeal, that she had no interest in the three trusts and was, therefore, not aggrieved by the order of the probate court. The Probate Act (Ill. Rev. Stat., 1951, chap. 3, sec. 484 [Jones Ill. Stats. Ann. 110.581]) provides: "An appeal from any other order, judgment, or decree of the probate court may be taken by any person who considers himself aggrieved to the circuit court . . . ." By the second amended petition, Maxine Lawrence was charged with the unlawful possession and withholding of the rents, issues and profits of the

three trusts in question, and the order of the probate court directed her to deliver these over to herself as the administratrix of the estate of Henry Lawrence and as such administratrix to accept them. Clearly she was adversely affected by this order, aggrieved by its entry and therefore has a right to perfect an appeal to the circuit court.

It is contended that the circuit court erred in holding that the proceeding abated upon the death of Maxine Lawrence. Section 11 of the abatement statute (Ill. Rev. Stat., 1951, chap. 1, sec. 11 [Jones Ill. Stats. Ann. 107.011]) is as follows: "When there is but one defendant in an action, proceeding or complaint, in law or equity, and he dies before final judgment or decree, such action, proceeding or complaint shall not, on that account abate, if it might be originally prosecuted against the heir, devisee, executor or administrator of such defendant, but the plaintiff, petitioner or complainant may suggest such death on the record, and shall by order of the court, have summons against such person or legal representative, requiring him to appear and defend the action, proceeding or complaint, after which it may proceed as if it had been originally commenced against him."

In *Harvey v. Harvey,* 87 Ill. 54, a citation was issued by the county court of La Salle county against a guardian upon a petition of his wards to render an account. Upon a hearing the court found a certain amount due from the guardian to the wards, and, after stating the account, entered an order requiring the guardian to pay over to the wards the amount found to be due. The guardian appealed from this judgment against him to the circuit court, and while the appeal was pending he died. Upon motion of the wards, his executrix was made a defendant to the proceeding on the appeal and the executrix then entered her motion that the suit

121

abate as to her. This motion was allowed and judgment was rendered against the wards for costs. The Supreme Court in its opinion pointed out that the citation of a guardian to account before a probate court is not in the nature of the action of account at law or in equity, but that it is merely a mode provided to ascertain the sum for which a guardian is chargeable in the probate court; that a guardian is appointed by the court and may be regarded as a trustee and that it is a wise provision which authorizes the court to proceed against the guardian in a summary manner by citation. The opinion continues (p. 56) : "We perceive no reason, nor are we aware of any principle, which would authorize the county court to proceed by citation against the personal representative of a guardian. If a guardian should die with money in his hands belonging to his wards, his estate could be reached by an appropriate action, and the sureties on the bond would be liable to suit in a proper action; but, in the absence of a statute providing that they might be proceeded against by citation, we are aware of no rule by which a remedy of that character could be invoked." The court then quoted section eleven of the Abatement Act, then in effect which is identical with the present section eleven of said Act (Ill. Rev. St. 1951, chap. 1, sec. 11 [Jones Ill. Stats. Ann. 107.011]) and said (p. 57): "Under this act, it is apparent the proceeding would not survive, as it could not have been maintained originally against the executor of the guardian, and we are aware of no section of the statute that would save the proceeding after the guardian's death. The fact that the proceeding was pending on appeal, and the evidence had all been taken, and was ready for trial at the time the guardian died, can not affect the question. The statute gave the guardian the right to appeal from the decision of the county court. The effect of the ap-

peal was to wipe out the decision of the county court, and the matter stood for trial de novo in the circuit court. The circuit court had the right to hear any and all evidence pertinent to the issue, and render such decision as the evidence would justify, regardless of the decision of the county court. We are, therefore, of opinion the wards had no greater rights from the fact the guardian died pending the appeal, than they would have had had the guardian died while the proceeding was pending in the county court, before a decision had been rendered."

■ An administrator occupies the same position as a guardian and in the instant case when Maxine Lawrence died, the citation against her, being personal in nature, could no longer be enforced and the citation proceedings necessarily abated. This does not mean that appellant is deprived of any right which he may have against the estate of Henry Lawrence. If Maxine Lawrence owed the estate of Henry Lawrence anything prior to her death, then her estate, now that she is deceased, is liable to the same extent as she would have been had she not died. The order of the circuit court vacating the order entered by the probate court does not bar appellant, a minor, of any interest which he might have in the estate of Henry Lawrence. It merely abates the citation proceedings insofar as Maxine Lawrence personally is concerned. Her death made it impossible for these proceedings to continue against her.

■ The judgment of the circuit court vacating the order of the probate court was correct and that order is affirmed.

*Order affirmed.*