## HAYS, Administrator v. HORINE, Administrator.

1. JUDGMENT OF COUNTY COURT: VENDOR'S LIEN. The order of a county court, allowing and ordering the payment of a claim against an estate is not a judgment in such sense as to deprive the claimant of a vendor's lien to which he is entitled to secure the same.

2. SAME: PAYMENT. A part payment does not operate as a waiver of lien as security for the balance.

3. SAME: ONUS PROBANDI. The burden of showing a waiver of a venor's lien is on the purchaser.

*Appeal from Jasper District Court.*

MONDAY, JUNE 10.

A statement of the facts is presented in the opinion of the court: —

*Smith & Cassiday* for the appellant. The steps taken by the appellant did not in any manner relinquish the vendor's lien. *Dyer* v. *Martin, et al,* 4 Scam. 151; *McArthur* v. *Porter,* 1 Ohio 99; *Foteaux* v. *Lepage, et al.,* 6 Iowa 123; *Voorhies & Co.* v. *Eubank, Executor,* Ib. 274.

*Seevers* for the appellee. 1. The county court had juris-

diction of the person and the subject matter, and however irregular its judgment may have been, it is voidable only, and not void. *Thompson* v. *Tolmie*, 2 Pet. 157; *Elliott* v. *Pearsol*, 1 Ib. 240. As to what is jurisdiction, see *Grignon's Lessee* v. *Astor*, 2 How. 338. 2. The judgment in the county court operated as a waiver of the mechanic's lien. 2 Story's Eq. Jur. § 1226.

WRIGHT, J.—Petition asking a vendor's lien. Defendant answers, that the notes referred to were made by the intestate, Bailey; that since his death Horine had been appointed his administrator, that the notes had been presented to, and allowed by, the administrator, which allowance was approved by the county court and judgment rendered thereon in favor of the plaintiff; and that a large sum of money had been paid thereon, whereby the lien of the plaintiff, as a vendor, was waived .To this part of the answer there was a demurrer which was overruled.

The demurrer should have been sustained. The action of the county court was not a judgment in such a sense as to deprive the plaintiff of his right to ask a vendor's lien. *Foteaux* v. *Lepage, et al.*, 6 Iowa 123; *Voorheis & Co.* v. *Eubank, Executor*, Ib. 274. Neither the allowance of the claim, nor the receipt of a portion of the amount due, by the plaintiff, had the effect of waiving the lien given in equity and by the Code, to the plaintiff as a vendor. When the lien once exists, (and its existence is not denied in this case,) unless intentionally displaced, or waived by the consent of parties, it still continues. And the burden of proof in this respect is on the purchaser. Story's Eq. § 1224. If under all the circumstances the debt remains the lien continues. An intentional displacement is far from being shown by any thing set up in this answer. Nor is there any consent shown, waiving the lien. *Grubb* v. *Crane*, 4 Scam. 153; Ib. 151; 1 Ohio 99.

Reversed.