SMITH, MURPHY & Co. v. SHAWHAN, Administrator.

1. **Statute of limitations:** CLAIMS AGAINST ESTATE: JUDGMENT. The allowance by the county court of a claim filed therein against an estate, and ordering payment of the same, do not constitute a judgment within the meaning of section 2740 of the Revision, limiting actions on judgments of courts not of record, to ten years.

2. —— The filing and allowance of the claim in the county court is regarded as equivalent to filing a petition in an action, and the action will be considered as pending until the claim is paid or otherwise disposed of.

*Appeal from Keokuk Circuit Court.*

MONDAY, DECEMBER 8.

THE plaintiffs in their petition state that the defendant is the administrator of the estate of A. Reeves, deceased. That on the 14th day of September, 1858, said estate being indebted to plaintiffs in the sum of $185.40 on a promissory note, they filed in the county court of Keokuk county their said claim, which was duly sworn to according to law. That said claim was on said day duly allowed by the said administrator, and by the court. That the same has not been paid in whole or in part. That the administrator has funds in his hands, but refuses to pay the claim. This action was commenced in the circuit court, on the 20th of November, 1872.

The answer contains two counts, in the first of which all of the allegations of the petition are denied. In the second it is alleged that the claim is barred by the statute of limitations, because " more than ten years have elapsed since said claim was proven up and allowed in the county court of Keokuk county."

The cause was tried to the court without a jury, and judgment was rendered for the plaintiff.

Defendant appeals.

*Mackey & Donnell* for the appellant.

*Woodin & McJunkin* for the appellee.

MILLER, J. — The appellant relies alone upon the statute of limitations to defeat the plaintiff's recovery. It is the only question presented by him in argument. His plea is based upon the fourth subdivision of section 2740 of the Revision, which limits the prosecution of actions, for the causes therein enumerated, to ten years.

The position taken by appellant in his argument is, that the filing and allowance of the plaintiff's claim in the county court was, and is, to be considered as a *judgment* in that court; that the county court was not a court of record, and that an action on a judgment therein rendered is by the statute barred in ten years.

It was held by this court in *Hays* v. *Horne*, 12 Iowa, 61, that the order of the county court, allowing, approving and ordering the payment of a claim against an estate is not a judgment in such a sense as to deprive the plaintiff of his right to a vendor's lien. In *Foteaux* v. *Lepage*, 6 Iowa, 123, it was held that the county court had no power to render a judgment against an administrator and guardian in either capacity, for moneys due from him to the estate or to the heirs. And in *Voorhies & Co.* v. *Ewbank, Executor*, it was held that, in a proceeding against an executor in the county court to establish a claim against the estate, no *judgment*, in the sense in which the term is ordinarily used, should be rendered, and all that can properly be done by the court, in such case, is to ascertain " the truth and justice of the claim made against the estate, and when so ascertained, it is to be allowed, and ordered to be paid from the assets of the estate. No execution is to be awarded or issued upon the adjudication." The statute in force when this claim was filed and allowed in the county court, gave that court no power to render a judgment thereon in favor of the plaintiff and against the estate, nor did the court do so in fact. See Code of 1851, §§ 1359 to 1366 inclusive.

The terms, " judgments of any courts," as used in the clause of the statute of limitations, above referred to, must be understood in the sense in which these terms are ordinarily used in legal parlance; such is the meaning evidently intended. Our

statute defines a *judgment* to be a " final adjudication of the rights of the parties in an action." Rev., § 3121. In its ordinary legal sense a *judgment* is the decision or sentence of the law, given by a court of justice, or other competent tribunal, as the result of proceedings instituted therein, to enforce a right or redress an injury. 1 Bouv. Law Dic. 676, title Judgment.

Our statute distinguishes between "*judgments*" and "*orders*," the latter is defined to be " every direction of a court or judge, made or entered in writing, *and not included in a judgment*" (Rev., § 3427); hence the statute of limitations must be interpreted in the light of this distinction, and the term "*judgment*," as there used, must be held to mean not " orders" made by a court and entered in writing, as orders by the county court allowing and approving claims against the estate of a deceased person and the like, but final judgments adjudicating the rights of parties in actions pending in the courts.

One of the necessary incidents of every judgment is its means of enforcement by execution. An order of the county court allowing a claim against an estate and ordering the payment of such claim cannot be thus enforced. The county court has no power to issue execution upon such an order. We are of opinion that the filing and allowance of the plaintiff's claim in the county court did not constitute a " judgment," in the sense in which that term is used in the clause of the statute of limitations which we have been considering, and consequently that the claim of the plaintiff is not barred as a judgment of a court not of record. We are furthermore of opinion that the action is not barred under any clause of the statute. The stating, verifying and filing of the claim in, and its allowance by, the county court stood for, and were in the nature of the filing of a petition in an action. *Braught* v. *Griffith & McCleary*, 16 Iowa, 26, 30. By these steps the plaintiff instituted proceedings for the collection of his claim, which have been pending up to the present time. Id. His present proceedings are in the court which succeeded to the

powers and jurisdiction of the county court in the premises· Chap. 86, Laws of 1868. And whether the *form* of the proceeding now adopted to compel the administrator to pay the claim out of assets in his hands is the proper one, or whether the plaintiff should have proceeded under sections 2419, 2420, 2421 of the Revision, are not made questions in the case and will not be passed upon.

The judgment of the court below will stand

Affirmed.