PETER WERNER, Appellant, v. MARY DOLAN, et al., Appellees.
HUGH REILLY, Appellant, v. Same Defendants.

**Mortgages:** LIFE ESTATE: *Remainders.* The interest of the remaindermen in real property, under a recorded conveyance, cannot be

defeated by the action of the life tenant in suffering a mortgage upon the property to be foreclosed through her fault and conveying the property to third persons [after receiving a quitclaim deed from the purchaser at the judicial sale.

RULE APPIED. Husband and wife executed a mortgage on his land to secure a note executed by both. Afterwards the husband conveyed a life estate in the land to his wife, with the fee to his children. Thereafter mortgagee foreclosed in an action to which the children were not made parties, and the foreclosure purchaser quitclaimed to the wife, who, together with the husband, conveyed to plaintiffs. Held, that since the wife, though a life tenant, was charged by her execution of the note with the payment thereof, she simply became reinvested by the quitclaim deed with her life estate with the fee in her children, devested of the incumbrance, and hence plaintiffs stand in her shoes as to the children.

Appeal from Dubuque District Court.—HON. J. L. HUSTED, Judge.

FRIDAY, OCTOBER 14, 1898.

ACTIONS to quiet title. These two cases involve the same question. They were tried together below, and are submitted here upon one record. The trial court entered a decree for the defendants, and from this action plaintiffs appeal.— Affirmed.

*Longueville & McCarthy* for appellants.

*William Graham* for appellees.

WATERMAN, J.—The facts are not in dispute. They consist entirely of matters of record. It appears that one John J. Dolan, being the owner in fee of lots 1 and 2 of the northwest quarter of section 31, township 88 north, range 3, in Dubuque county, together with his wife, executed a mortgage thereon to one William G. Watters. This instrument bore date May 29, 1888, and was properly recorded June 9, 1888. Thereafter, on December 6, 1888, Dolan executed an instrument, which the parties hereto concede was a conveyance, vesting a life estate in said property in his wife, and the fee

thereof in his children. This instrument was recorded on the day of its date. The Watters mortgage was assigned to one Le Clere, and at the September term, 1889, of the Dubuque district court, an action was begun to foreclose it. John J. and Mary Dolan, his wife, were the sole defendants in the proceeding. In due time a decree of foreclosure was entered, and the land sold. Under this sale a sheriff's deed was made to one T. O. Sullivan on December 23, 1890, and this was properly recorded three days later. December 27, 1890, Sullivan quitclaimed the land to Mary, the wife of John J. Dolan, and thereafter Mary Dolan and husband conveyed by warranty deed to one Kemler and one Hosford jointly. From these last-named grantees the plaintiffs acquired the respective titles which they assert in this action. The defendants here are the children of John J. and Mary Dolan. Their answer, in effect, denies plaintiff's title, and sets up a life estate in Mary Dolan, with the remainder in themselves. It is manifest that Mary Dolan, the mother, parted with any interest she had in the land by her conveyance to Kemler and Hosford. We have, then, to consider only whether plaintiffs are entitled to any relief as against the children, who held title in remainder. It appears that the Watters note was signed by both John J. and Mary Dolan. Each was equally bound for its payment. Ordinarily a life tenant is under no legal obligation to pay the principal of a prior incumbrance, but is charged only with keeping down interest. *Trego v. Sludley,* 106 Iowa, post. But this case, by its facts, is taken out of that rule. The tenant for life, in this instance, is charged, by her contract, with the payment of both principal and interest. So far as disclosed by the record, the foreclosure of the Watters mortgage was caused by the default of the life tenant. It needs no citation of authorities to show that she could acquire no rights as against the remainder-men through her own breach of faith. It is a principle so well established as to have become crystallized into a maxim of the law that one can derive no advantage from his own wrong. When

Mary Dolan, by her purchase from Sullivan, acquired title, it inured to the benefit of those entitled in remainder. The plaintiffs, claiming, as they do, through Mary Dolan, have no greater right than she had. The decree of the district court is AFFIRMED.