GEORGE BUTENSCHOEN, Trustee, Appellee, v. WILLIAM F. FRYE et al., Appellants.

No. 42767.

FEBRUARY 12, 1935.

Adolph Ruyman and Chamberlin & Chamberlin, for appellants.

Albert W. Hamann, for appellee.

HAMILTON, J.—The moratorium statute was intended for debtors in financial distress to enable them to refinance their loans, and, if possible, pay the indebtedness due within the period of the moratorium.

The motion is addressed to a court of equity and good conscience for relief and succor by one, who, because of the emergency, and because of the terms and conditions of his contract with the creditor, is unable to prevent the immediate sale and sacrifice of the security pledged for the debt.

It is an axiom of equity that he who seeks equity must do equity. In the case at bar, the defendant William F. Frye, the owner of the real property covered by the mortgage, and the sole maker of the note secured thereby, was neither in distress nor did he acknowledge any willingness to do equity. In fact, he testified that he was the owner of four hundred acres of land in Scott county, Iowa; eight hundred acres in Buchanan county, Iowa; four thousand acres in Texas, besides his homestead; that he figured his Scott county land worth $100,000, and the fair market value of his Buchanan county land at $100,000; that the Scott county land was unencumbered; that the rental value of his farms, including the one hundred sixty acres covered by the mortgage, was $7,500 per year; that none of the rents for 1932 and 1933 had been applied on the mortgage indebtedness; that he was not willing to encumber or dispose of any other property to pay the note and mortgage in controversy; and that he did not propose to sell anything or intend to pay the interest nor the $10,000 principal, but averred that the same had long since been paid in full—this in the face of the fact that as late as September 7, 1932, in making and filing his report as trustee under the last will and testament of H. H. Frye, deceased, he therein stated under oath that the $10,000 trust fund was secured by a mortgage on Scott county, Iowa, land, and that the interest on said trust fund of $10,000 from April 1, 1931, was unpaid. As

ą witness he testified that the sworn statements in his report were untrue.

The record shows that as trustee under his father's will he had loaned to himself the $10,000, and executed the mortgage in question; that the money represented a trust fund for the benefit of his mother during her lifetime, and at her death the corpus of the trust was to be divided among five beneficiaries; that on the 8th day of May, 1932, his mother, Louisa Frye, beneficiary of the interest accruing in said trust, died; that he had neglected and refused to distribute said funds; that on May 30, 1933, the court removed William F. Frye as trustee, the order of the court stating that it was the duty of the trustee to distribute the trust fund immediately, and that he had failed and refused to do so. George Butenschoen was appointed trustee in his stead, and ordered to bring the action on the note and mortgage in question. No personal judgment was asked against the wife, Caroline Frye, nor against the son, Arnold Frye, who was the tenant on the farm.

Under the record as thus presented to the court, there was just cause for refusing to grant the continuance, and the action of the court in overruling the defendants' motion should be, and the same is hereby, affirmed.—Affirmed.

ANDERSON, C. J., and ALBERT, MITCHELL, POWERS, and KINT-ZINGER, JJ., concur.

DONEGAN, J., takes no part.