FEDERAL LAND BANK of Omaha, Appellee, v. WILLIAM L. SUTHERLIN et al., Appellants.

No. 44334.

1220

MARCH 15, 1938.

Don C. Young and Beard & Beard, for appellee.

R. Brown, R. W. Levy, and Varga & Varga, for appellants.

ANDERSON, J.—Two foreclosure actions were commenced in the district court of Decatur County, Iowa, by the plaintiff against the defendants, for the September, 1932, term of court, seeking judgments for $18,000 and $20,000, respectively. Judgments and decrees of foreclosure were entered in both cases and on the 14th day of November, 1932, sales were had under special executions. One of the mortgages covered 240 acres and the other 360 acres of farm land. The separate tracts were sold for $34,189.96 and purchased by the plaintiff, leaving deficiency judgments in rem for $5,900. The title to the real estate is vested in the defendant, Clella M. Sutherlin, but the real estate seems to have been farmed and cared for by her husband, W. L. Sutherlin. The two cases have been combined so far as this appeal is concerned and are submitted upon one record and the determination of this appeal shall apply to both cases.

An extension of the period of redemption was granted upon the appellants' application therefor under the provisions of the first moratorium law passed by the 45th General Assembly, ch. 179, and again a further extension was granted under the provisions of the Acts of the 46th General Assembly, ch. 110. This second extension continued to March 1, 1937. Subsequently, and prior to March 1, 1937, the appellants filed another application for a further extension of the period of redemption under chapter 78 of the Acts of the 47th General Assembly. The court made no order fixing time of hearing or prescribing notices for

the hearing on these last motions. However, on March 16, 1937, resistance to the applications for extension were filed by the plaintiff, appellee. The resistances were on the grounds that the defendants had made no effort to refinance the indebtedness; that they were insolvent and the security inadequate; that the rents had not been accounted for in good faith; that the applications were not made in good faith, and that the extensions were asked for the sole purpose of permitting the defendants to speculate. Hearing was had on these applications on the 3d day of June, 1937, and the trial court filed an opinion and a judgment and decree and in the judgment and decree the court granted an extension of the period of redemption to January 1, 1938, upon condition that the defendants enter into a written lease with the plaintiff, with certain conditions as suggested by the court, and, in the event that such lease was not entered into, that the period of redemption be terminated within five days from the signing of the order and decree. In his findings, which have ample support in the record, the trial court found that there was approximately $45,000 due on the two certificates of sale, interest for a period exceeding four years at eight per cent being added to the amounts for which the real estate was sold at sheriff's sale. And this apparently does not include any reference to the deficiency judgment in rem amounting originally to $5,900, together with accumulating interest. The court further found that both tracts of the real estate were of the approximate value of $20,000, or less than one-half the amount due to plaintiff under the sales certificate. The court further found that during the more than four years covering the prior extension periods there was a net deficit of $923, and that there was on the showing made no reasonable probability that the title holder, Clella M. Sutherlin, would be able to refinance the indebtedness or redeem the premises during an extended period of redemption to March 1, 1939. The court further found that the defendants proceeded to rent a part of the land and plow and cultivate, including some meadow land and some pasture land, without any order of court and without any authority so to do, and the court made an order extending the time of redemption to January 1, 1938, on account of the fact that the defendants had already planted crops for the year 1937, which were under cultivation at the time, but with the provision that the defendants execute a lease covering the period of 1937 with certain rentals and condi-

tions contained therein as provided by the order of the court, and that if such lease was not entered into within five days from the date of the court's decree, that a deed should issue on the sheriff's certificates and a writ of possession also issue to put the plaintiff in possession of the real estate. The lease was executed in accordance with the order of court and the defendants retained possession of the 600 acres of land under said lease and under the terms of the court's order extending the time of redemption to January 1, 1938. However, on September 28, 1937, just before the time had expired within which the defendants could appeal they served and filed their notice of the appeal from the court's order refusing to extend the redemption period to March 1, 1939. Some question is raised by the appellee that the defendants could not prosecute an appeal after they had acted on the court's order, heretofore mentioned, but we do not find that it is necessary to pass upon this question for the reason that we are of the opinion that the trial court extended to the defendants all the relief and more which they were entitled to under the record as made in this case. It must be remembered that the court first found on the record that the defendant, title holder, Clella M. Sutherlin, was not entitled to an extension of the period of redemption under her last application, but in view of the fact that the title holder and her husband had planted crops upon the land and were cultivating the same, the court, apparently out of consideration for the situation in which the defendants were in and exercising equity jurisdiction, did extend the period of redemption to January 1, 1938, under certain conditions. We find from a reading of the record that the court is amply sustained by the record in its findings and orders and that good cause was shown why the extension to March 1, 1939, should not be granted. The evidence shows that the farm was decreasing in value; that buildings and fences were very much out of repair, and that the barn needed at least $200 worth of repairs immediately; that the 1932 taxes paid in February, 1933, on the 240-acre tract amounted to $308 and for the succeeding year $353, and that the taxes on the 360-acre tract amounted to $415.72; that these taxes were advanced and paid by the plaintiff. No showing is made as to the amount of taxes for the years 1933 and 1934 or as to whether or not they were paid. The evidence further shows that the title holder, Clella M. Sutherlin, had no property or resources of her own with

which she could assist in refinancing or redeeming the land in question, and it must be remembered that more than four years elapsed from the commencement of the foreclosure proceedings until the hearing from which this appeal is prosecuted and that no attempt was made during that period to refinance or to redeem the property involved. Indeed, we are forced to conclude from the record that the defendants did not even exhibit a willingness to refinance or an attempt to refinance the indebtedness and that their application was not made in good faith but for the apparent purpose only of retaining possession of the premises for a further two-year period. The amount of the indebtedness had steadily increased and at the time of the hearing on the last application for continuance the amount necessary to redeem from the sheriff's sales approximated the sum of $47,000. This was an increase of $14,000 or $15,000 of the indebtedness from the date of the sheriff's sales and it must be concluded that there is no probability of the defendants being able to refinance or redeem from the sheriff's sales. Federal Land Bank v. Wilmarth, 218 Iowa 339, 252 N. W. 507, 94 A. L. R. 1338; Reed v. Snow, 218 Iowa 1165, 254 N. W. 800; Butenschoen v. Frye, 219 Iowa 570, 258 N. W. 769; Decorah State Bank v. Sexton, 220 Iowa 1047, 264 N. W. 41; First Trust Joint Stock Land Bank v. Runde, 221 Iowa 995, 267 N. W. 691; Miller v. Ellison, 221 Iowa 1174, 265 N. W. 908; Fossler v. Breniman, 222 Iowa 124, 268 N. W. 521.

We conclude that the trial court was right in refusing to grant a further extension of the period of redemption and the findings, orders, and decrees of the trial court must be and are hereby affirmed.

On the defendants' application a stay order was issued by this court on December 28, 1937, staying the proceedings in the lower court during the pendency of this appeal and enjoining the sheriff from issuing a deed to the plaintiff on the sheriff's certificates. Such stay and restraining order is hereby canceled and annulled.—Affirmed.

MITCHELL, RICHARDS, SAGER, HAMILTON, and DONEGAN, JJ., concur.