EQUITABLE LIFE ASSURANCE SOCIETY of the United States, Appellee, v. H. N. CHRISTENSEN, Executor, et al., Appellants.

No. 44540.

DECEMBER 13, 1938.

Chas. S. White, and Graham & Graham, for appellants.

White & White, and Tinley, Mitchell, Ross & Everest, for appellee.

PER CURIAM.—Elizabeth E. Christensen died testate on or about the 16th day of June, 1934, leaving surviving her husband, H. N. Christensen, as well as a number of collateral kinsmen, who together constitute the resistors hereinafter referred to.

The real estate of which she died seized consisted of approximately 1440 acres. There was no personal property.

During her lifetime, together with her husband, she made, executed and delivered for a valuable consideration to the Equitable Life Assurance Society a mortgage in the amount of $24,000, upon a half section of land. There was default in the payment of interest on the mortgage, and also of the taxes, and the Equitable Life Assurance Society commenced an action to foreclose said mortgage, joining the husband, the executor, and all parties interested in the real estate. A continuance of the date of taking decree in this foreclosure action until March 1, 1939, under the provisions of chapter 80 of the Acts of the 47th General Assembly of the State of Iowa was granted, and no appeal was taken from such order. Thereafter the Equitable Life Assurance Society filed a claim in the estate of Elizabeth E. Christensen, said claim being based upon the note in the amount of $24,000, signed by Elizabeth E. Christensen and her husband and secured by the mortgage on the half section of land, being the same note sued upon in the foreclosure action. The parties interested in said land, including the husband and executor, filed an application for continuance of the hearing on the claim, under chapter 80, Senate File 15, Acts and Resolutions of the 47th General Assembly. There was a hearing upon this application and the court denied the relief prayed for and refused to grant the continuance. Hence this appeal.

Several questions are argued. We find it necessary to discuss but one.

In the case of Butenschoen v. Frye, 219 Iowa 570, 258 N. W. 769, this court, speaking thru Justice Hamilton, at page 571 of 219 Iowa, page 769 of 258 N. W., said:

"The moratorium statute was intended for debtors in financial distress to enable them to refinance their loans, and, if possible, pay the indebtedness due within the period of the moratorium."

In the case at bar it is conceded that the estate of Elizabeth E. Christensen is solvent; that at the time of her death she owned

1260

1,440 acres of land, of which 1120 acres were unencumbered. Under the record as thus presented to the court, there was just cause for refusing to grant the continuance, and the judgment and decree of the lower court must be, and it is hereby, affirmed. —Affirmed.