In re Estate of Elizabeth E. Christensen.

No. 45106.

February 6, 1940.

Rehearing Denied May 11, 1940.

Graham & Graham and Dalton & Dalton, for appellants.

Charles S. White, Tinley, Mitchell, Ross, Everest & Geiser, and White & White, for appellees.

MILLER, J.—This is a matter in probate, the controversy concerning the application of the executor for authority to mortgage the real estate to secure funds with which to pay claims against the estate, and the resistance of certain heirs thereto.

The executor's application asserts that the deceased left no personal property, but died owning 1,440 acres of land in Audubon county, Iowa; claims and expenses of administration amount to nearly $60,000; there are no funds in the estate with which to pay the same; sale of two half sections was authorized in 1935, but the market was not favorable, said land would not now sell for enough to pay the claims against the estate, and the order authorizing sale should be modified to permit a mortgage upon all of the real estate with which to secure the necessary funds. The prayer of the application was for authority to mortgage the real estate for $60,000.

The resistance to such application asserts that the executor is the surviving spouse of the testatrix, was devised an undivided one-half interest in the real estate in fee and a life estate in the other half; objectors were devised the remainder in fee to the undivided half interest in which the surviving spouse, H. N. Christensen, has a life estate. The allegations of the application of the executor were denied generally. The resistance also asserted that the application fails to allege any valid debts against the estate; the estate is not liable for interest accruing after the death of the testatrix; the estate is not liable for taxes on real estate due at the death of the testatrix; there is no procedure for collecting such taxes against the estate; Christensen operated the real estate as his own; the notes asserted as debts against the estate are his individual debts and should be paid from his share of the estate; the testatrix stood in a position of surety as to such debts, received no part of the consideration, it all went to Christensen, who should now pay the same; Christensen has collected all income from the estate, has failed to pay interest or taxes, which he is obligated to pay as a life tenant; the claims were allowed against the estate through breach of duty on the part of Christensen, as executor, in an attempt to make the estate pay his debts; Christensen has failed to collect the personal property of the estate, consisting of the personal effects of the testatrix, a claim for rent due from

Christensen for five years preceding the death of testatrix, money advanced Christensen through the loans aforesaid, which Christensen should repay and Christensen, as executor, has committed waste. The prayer of the petition was that the authority to mortgage the real estate be denied and that the executor be removed.

The executor replied to such resistance by asserting that in 1935 a hearing was had between the same parties on the application to sell real estate; the same objections now made were then made and determined adversely to the objectors; no appeal was taken and the adjudication is now final; the objectors are now estopped by such adjudication to contest the application now made by the executor. The reply also asserted that the contentions made in reference to an accounting by the life tenant and the remaindermen are not proper subjects for determination in this proceeding. The prayer of the reply was for the same relief prayed for in the application.

The objectors filed an answer to the reply which consisted of a general denial and an assertion that the executor waived the prior adjudication by not proceeding to sell the real estate, as authorized, and by electing to mortgage the real estate instead; also that the interests of the remaindermen cannot be mortgaged to pay the debts of the life tenant. The prayer of said answer was that the court determine the indebtedness sought to be paid and deny the right to mortgage the real estate.

Appellants' abstract has been denied by the appellees and amended. Appellants have denied the amendments and have certified to this court the entire probate record in this estate, together with transcript of the testimony at the hearing on the application to mortgage the real estate. From an examination of the abstract, the amendments and the record as certified, it would appear that there is no substantial dispute in the record. The questions presented by this appeal concern the sufficiency of the evidence to warrant the order appealed from, and the effect to be given the matters pleaded in support of claims of estoppel on the one hand and waiver on the other hand. We are also faced with the question whether certain claims asserted in this court were properly raised in the district court so as to be the subject of review here.

The testatrix was married twice. Her first husband died

in 1892 and left her the 1,440 acres of real estate in Audubon county, now involved herein. In 1897 she married the appellee, Christensen. They lived together on the 1,440-acre farm, which is contiguous, until her death June 16, 1934. She left a will which was duly admitted to probate. The material portions are as follows:

"1st I hereby direct that all of my just debts and funeral expenses be first paid out of my estate. 2nd I hereby will, devise and bequeath all of my personal property of whatsoever kind to my husband H. N. Christensen, absolutely. 3rd I hereby will, devise and bequeath one half of all of my real estate to my husband, H. N. Christensen. 4th I hereby will, devise and bequeath to my said husband H. N. Christensen the use and income from the undivided one half of all of my real estate and at his death the same shall be divided among my heirs at law according to law, each to share the part thereof they would receive provided I left no will. 5th I hereby nominate and appoint my said husband, H. N. Christensen, executor of this my last will and testament and I hereby exonerate him from giving bond as such."

Christensen qualified as executor, and has since acted as such. His inventory showed no personal property belonging to the estate, but 1,440 acres of real estate situated in Township 81, Range 35, Audubon county, Iowa, valued as follows: Section 21, $64,000; North Half of Section 20, $24,000; South Half of Section 17, $24,000; Southwest Quarter of Section 16, $12,000. The only encumbrance on said real estate was a mortgage on the north half of Section 20 in the amount of $24,000 to the Equitable Life Assurance Society of the United States.

D. W. Bates, superintendent of banking, as receiver of the People's Savings Bank of Templeton, Iowa, filed a claim based upon a note signed by Christensen and his wife in the amount of $5,000 due March 14, 1930, with interest at the rate of 6 per cent per annum, wholly unpaid as to principal and interest unpaid from and after March 12, 1931. Audubon county and its treasurer filed a claim for taxes on said real estate, then amounting to $5,889.87. On October 12, 1934, the claims of D. W. Bates, receiver, and Audubon county were allowed, the claim of D. W. Bates to draw interest, and the claim of the

county to draw interest and penalty. The Equitable Life Assurance Society of the United States filed a claim based on its $24,000 mortgage, with interest, and also for taxes paid, and interest thereon, the total claim being $30,294.42. The executor resisted the claim of the Equitable Life Assurance Society.

In June 1935 the executor filed an application for authority to sell the north half of Section 20 and the south half of Section 17, for the purpose of paying the claims aforesaid, inheritance taxes due the United States, and the costs of administration, the total amount of which at that time was $46,352.47. The court ordered that notice of the hearing on the application to sell real estate be given by posting such notice at the west door of the courthouse. This was done and on July 7, 1935, an order was entered authorizing and directing the sale of the two half sections of real estate.

On October 7, 1935, Naomi Miller, one of the heirs of the testatrix, and accordingly a remainderman under the terms of the will, filed a petition to set aside the order allowing the claim of Audubon county and the order authorizing the sale of the real estate. This application asserted that the claim for taxes was not a proper debt against the estate, and also that the executor had failed to account for the personal property. The claims for personal property are the same claims that are now asserted here. The petition prayed that the order allowing the claim of Audubon county be set aside, together with the order authorizing the sale of the real estate, that a special administrator be appointed to collect the claims of the estate against Christensen, and be required to dispose of the proceeds thereof on the claims before any real estate be ordered sold.

The Equitable Life Assurance Society filed a resistance to the petition to set aside the order for sale of real estate. D. W. Bates, as receiver, filed an answer thereto. Christensen, as executor, filed a resistance to such petition. All of the appellants herein, other than said Naomi Miller, filed a petition of intervention wherein they joined in and adopted as their own the petition of said Naomi Miller, and prayed for the same relief.

The petition to set aside the order allowing the claim was amended by asserting that the claim of D. W. Bates, receiver, was in truth the obligation of H. N. Christensen, the testatrix

occupied the position of surety thereon, and the claim should be paid by Christensen individually out of his property before resorting to any of the property of the estate; the same contention was made in reference to the claim of the Equitable Life Assurance Society; it was further asserted that it was Christensen's obligation to pay the taxes claimed by Audubon county, and that the claims of Audubon county, D. W. Bates, receiver, and the Equitable Life Assurance Society had been established against the estate to secure the payment thereof out of the real estate with a fraudulent intent to cheat and defraud the remaindermen. The prayer of the amendment was that if the order to sell real estate be not set aside that the remaindermen have the right to compel an accounting with Christensen, and, if they are able to prove that the decedent was simply a surety on the claims and that Christensen was the principal, that the estate be subrogated to the rights of creditors against Christensen; also, if any amount be recovered by the estate from Christensen, such amount be held in place of real estate which may have been sold and, upon final distribution of the assets of the estate, the amount recovered from Christensen be considered as real estate and distributed in the manner provided by the will.

The petition as amended came on for hearing, the petitioner and interveners, appellants here, appearing by counsel, Christensen, as executor, appearing by counsel, the Equitable Life Assurance Society and D. W. Bates, receiver, appearing by counsel, and, on March 11, 1936, the court ordered and adjudged that the order to sell real estate be ratified and confirmed and that the petition to set aside the claim of Audubon county be denied. It was further ordered that such rights as the petitioners might have against Christensen, either as an individual or as executor, be reserved to them except as to the order in reference to sale of real estate to pay debts. Exception was granted. On July 10, 1936, a notice of appeal, which had previously been served upon the other parties to the litigation, was filed by the petitioner and interveners, appealing from the order of March 11, 1936. This appeal appears to have been abandoned. The case never reached this court for determination.

Christensen, as executor, then filed an amendment to his resistance to the allowance of the claim of the Equitable Life

Assurance Society, and the heirs, who are now appellants here, also filed a resistance to such claim. The claim of this company came on for hearing, all parties appearing by counsel, and, on February 3, 1938, the claim was allowed in the sum of $38,924.47, with interest at 8 per cent per annum, together with attorney fee in the sum of $429.24 and costs amounting to $9.85, and the executor was ordered and directed to pay said claim out of the first moneys coming into his hands available for that purpose. A notice of appeal upon the order of the allowance of said claim was duly served and filed March 11, 1938. Said appeal was docketed as cause No. 44540 in this court. On December 13, 1938, the order appealed from was affirmed. See Equitable Life Assur. Soc. v. Christensen, 225 Iowa 1258, 282 N. W. 721.

At the hearing on the application for authority to mortgage real estate, the executor introduced in evidence the probate record hereinbefore reviewed, together with the abstract and briefs and arguments filed in this court in said cause No. 44540, and the opinion filed by this court. The clerk of the district court testified that the records of his office showed that the claims against the estate had not been paid. Leland C. White, attorney for the Equitable Life Assurance Society, testified that the claim of his client had not been paid. The treasurer of Audubon county testified that the taxes, referred to in the county's claim, had not been paid. C. E. Nelson testified that the claim of D. W. Bates, receiver, had been assigned to the First State Bank of Audubon, Iowa, and had not been paid. C. S. White, attorney for the receiver, testified in reference to the costs of administration and certain inheritance taxes due from the remaindermen.

The only evidence offered by the appellants was the testimony of the appellee, Christensen. He testified that he and the testatrix lived upon the 1,440-acre farm; he owned all the personal property, cattle, etc., fed the corn and hay and other products to his stock; the proceeds of the $24,000 mortgage were used by him in his stock business, the $5,000 borrowed from the bank at Templeton was used in his business; testatrix had no interest in the cattle business. On cross-examination he testified that, when the money was borrowed fom the Equitable Life Assurance Society, she told him to pay off the debts with

it; nothing was said in reference to his paying it back to her, she just gave it to him; that was also true with reference to the money borrowed from the bank at Templeton; he and the testatrix signed the two notes together; he paid all the bills while they lived together; since her death, he has paid all taxes on the real estate since accruing; land values have moved down in the last three or four years.

On March 7, 1939, the court entered the order appealed from herein, holding that the aforesaid claims are just claims and charges against the estate; in addition to them, some inheritance taxes due from the remaindermen will have to be paid and the executor is justified in asking for a loan of $60,000 in order to take care of such claims, charges and inheritance taxes; there is no personal property belonging to the estate, or, if there be any, it is insufficient to pay the debts and charges. The resistance of appellants was dismissed, reserving to them the right to pursue any proper remedy for an accounting with Christensen. The claims were found to be a first lien on the real estate. The application was sustained, the executor was authorized to make application for a loan of $60,000 and to offer as security therefor a mortgage on all the real estate, upon the best terms and conditions possible. The order of July 7, 1935, authorizing the sale of a section of land, was modified so as to permit the execution of the loan, but the order was permitted to stand as authority for the executor to sell such real estate upon the recovery of the real estate market, if he should elect to do so. The court retained jurisdiction for the purpose of completing the loan or for the purpose of sale. The court further ordered that the proceeds of the loan be paid to the clerk, who was authorized to use the proceeds to pay the claims, as the same became known, any balance after such payment to be retained by the clerk awaiting further order of the court. The mortgagee was also permitted to pay the claims referred to and pay any inheritance tax found to be a lien upon the real estate, file receipts for such payments, and pay the balance to the clerk, awaiting further directions of the court.

As hereinbefore stated, there are three claims involved in these proceedings besides the costs of administration and inheritance taxes. As the record is different in reference to each claim, we will consider each separately.

The claim of the Equitable Life Assurance Society now amounts to $42,298.92, with attorney fees and costs amounting to $439.04, subject to certain credits for rent. The company contends that the decision in reference to such claim was a proper application of the doctrine, res adjudicata. This contention must be sustained. As heretofore pointed out, the claim was established by order of court on February 3, 1938. The objections now urged by appellants were urged at that time and adversely adjudicated against them. Appellants all appeared and filed pleadings. They were represented by counsel at the hearing. An appeal was taken to this court and the order was affirmed. Appellants are bound by the adjudication and are now estopped from re-litigating the contentions, which were decided adversely against them. Bagley v. Bates, 223 Iowa 836, 841, 273 N. W. 924, and cases therein cited. See also In re Estate of Holdorf, 227 Iowa 977, 289 N. W. 756.

The claim of Audubon county for taxes was allowed by order of court on October 12, 1934, was again established as a claim against the assets of the estate on July 7, 1935. Appellants sought to set aside the allowance of the claim. A hearing was had. Appellants were represented by counsel. The matters which are now urged against this claim were then urged and were adversely adjudicated against appellants by the order of March 11, 1936. Notice of appeal was served but the appeal was abandoned. The adjudication became final. Appellants are estopped to re-litigate this claim.

The claim of Bates, receiver, which has been assigned to the First State Bank of Audubon, was allowed by ex parte order October 12, 1934. In the proceedings had to set aside the order of July 7, 1935, Bates appeared by counsel. The objections now asserted against this claim were all asserted in such proceedings, except the contention that the claim is barred by section 11033-e1, Code 1935 [11033.1, Code 1939]. The claim was not specifically referred to in the order of March 11, 1936. However, in the case of Bagley v. Bates, supra, we recognize and apply the general rule of law that an adjudication operates as estoppel not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might, with propriety, have been litigated and

determined in that action. The contentions of appellants which were there asserted were to the effect that the debt due Bates, receiver, was the debt of Christensen, personally, and not an obligation of the estate. In the order of March 11, 1936, it was determined that such contentions were not properly presented, and appellants were reserved such rights as they might have against Christensen, either as an individual or an executor. The same reservation is made in the order now appealed from. There is no question under the record but that the money was borrowed by the testatrix and her husband. We hold that the adjudication of March 11, 1936, was sufficient to estop appellants from now re-litigating the same matters which were then urged against the claim without success. The additional defense of the limitations provided by section 11033-e1, Code 1935 [11033.1, Code 1939], was not raised below. Accordingly, it cannot be considered here. Headford Bros. & Co. v. Associated Mfg. Corp., 224 Iowa 1364, 1372, 278 N. W. 624; Lahn v. Primghar, 225 Iowa 686, 693, 281 N. W. 214.

The district court is given express authority to authorize the executor to mortgage the real estate for the purpose of paying claims by section 11940, Code 1935. It is a matter of discretion. There is no claim made here that the discretion was abused.

The claim that the life tenant has failed to pay taxes during his life tenancy is contrary to the record. Christensen, as a witness for appellants, testified that all such taxes have been paid.

The claims in reference to an accounting between Christensen and the remaindermen appear to be based to some extent upon our holding in the case of Werner v. Dolan, 106 Iowa 355, 76 N. W. 724. Appellants were expressly granted the right to maintain proper proceedings for such an accounting by the order of March 11, 1936, and by the order now appealed from. It had been adjudicated that the claims in reference to such accounting were not proper claims for determination in the proceedings involved herein. The court correctly so held.

The motion to strike amendment to abstract and brief and argument of appellee, Equitable Life Assurance Society, is overruled.

We find no error. The judgment is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.