FRANK GRIFE et al., Appellants, v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellee.

No. 46249.

84

APRIL 6, 1943.

Graham & Graham and Chas. S. White, all of Audubon, Dalton & Dalton, of Atlantic, and John M. Rankin, Attorney General, and Don Hise, Special Assistant Attorney General, for appellants.

Ross, Everest, Geiser & Johnson, of Council Bluffs, and White & White, of Harlan, for appellee.

MILLER, J.—This controversy involves the estate of Elizabeth E. Christensen, deceased, which has produced extensive litigation. See Equitable Life Assur. Soc. v. Christensen, 225 Iowa 1258, 282 N. W. 721; In re Estate of Christensen, 227 Iowa 1028, 290 N. W. 34; In re Estate of Christensen, 229 Iowa 1162, 296 N. W. 198.

Elizabeth E. Christensen died testate June 16, 1934, seized of approximately 1,440 acres of land but no personal property. During her lifetime she and her husband had executed and delivered to the Equitable Life Assurance Society of the United States a note for $24,000, secured by a mortgage upon a half section of land. There was a default and foreclosure proceedings were commenced against the executor and the devisees of the estate. The defendants therein secured an order continuing said action until March 1, 1939, pursuant to chapter 80, Acts of the Forty-seventh General Assembly. Thereafter the Equitable Life Assurance Society filed a claim in the estate based upon its note for $24,000. The executor and the devisees made application for a continuance of the claim under chapter 80, Acts of the Forty-seventh General Assembly. The continuance was denied. An appeal resulted in an affirmance. Equitable Life Assur. Soc. v. Christensen, supra, 225 Iowa 1258, 282 N. W. 721.

On February 3, 1938, the claim against the estate was allowed. The claim contained the following provision:

"The claimant herein hereby reserves the right to foreclose the note and mortgage against the real estate secured by said mortgage and does not waive the lien of the mortgage given to secure the note herein referred to."

The order allowing the claim provided:

"*It Is Further Ordered* that the allowance of this claim be not considered a waiver by the claimant of any right, lien or security arising under or by reason of the mortgage hereinabove referred to, nor shall it be considered the waiver of any right to proceed subject to the orders of the Court with the foreclosure of said note and mortgage under the proceedings now pending or any others which may hereafter be commenced."

Thereafter the executor secured authority to mortgage the real estate to pay the claims against the estate, one of which was the claim of Equitable Life Assurance Society. This provoked another appeal which resulted in an affirmance. In re Estate of Christensen, supra, 227 Iowa 1028, 290 N. W. 34.

Up to this time the executor had been the surviving spouse, H. N. Christensen. Thereafter he was adjudged to be of unsound mind. There was a contest over the appointment of an administrator with will annexed, which provoked another appeal and another affirmance. In re Estate of Christensen, supra, 229 Iowa 1162, 296 N. W. 198.

On August 5, 1941, the plaintiffs herein, as remaindermen under the will of Elizabeth E. Christensen, deceased, commenced this action for a judgment declaring the order allowing the claim of Equitable Life Assurance Society, and the debt evidenced thereby, to be barred by the special two-year limitation provided by chapter 487.1, Code, 1939. The defendant's answer denied that said order is a judgment that is barred by said chapter. The pleadings are voluminous. We will refer to parts of them as they apply to the legal questions which appear to be controlling. Trial was had primarily upon the record made in the estate during the litigation above reviewed. The court dismissed the action. Plaintiffs appeal.

Chapter 487.1, Code, 1939, contains four sections. Plaintiffs rely upon but one of them, section 11033.3, which provides as follows:

"Judgments hereafter rendered on promissory obligations secured by mortgage or deed of trust of real estate, but without foreclosure against said security, shall not be subject to renewal by action thereon, and, after the lapse of two years from the date of rendition, shall be without force and effect for any purpose whatsoever except as a set-off or counterclaim."

The question herein is whether the order allowing defendant's claim on its $24,000 note against the estate was a judgment, "without foreclosure against said security," within the contemplation of the foregoing statute. The trial court held that it was not. We agree.

The plaintiffs' contention that the order allowing defendant's claim against the estate is a judgment is based in large part on those decisions which hold that an order allowing a claim, after notice and hearing, is a binding adjudication on the merits. It is also contended that the obligation on the note is merged with a judgment on the note and that, after judgment is entered on the note, the note as such is of no further force or effect.

The gist of defendant's contention is that an order in probate, such as that which is involved herein, is not a judgment without foreclosure within the contemplation of section 11033.3, Code, 1939. Reliance is had upon Beckett v. Clark, 225 Iowa 1012, 282 N. W. 724, 121 A. L. R. 912, and Berg v. Berg, 221 Iowa 326, 264 N. W. 821.

Plaintiffs contend:

"* * * since the note merged in the judgment rendered February 3, 1938, the action cannot be reduced to judgment because there is no such a debt existing as described in that action. Therefore the mortgage should be cancelled of record so it would not be a shadow on plaintiff's title as the note merged into the judgment, aforesaid, and two years has elapsed since the judgment was rendered. Therefore the action to foreclose the mortgage is barred."

This contention is directly opposed to the holding of this court in the case of Beckett v. Clark, supra, which interpreted section 11033-g2, Code, 1935. That statute appears as section 11033.4, Code, 1939. Its provisions are substantially the same as section 11033.3 except that, whereas section 11033.3 refers to judgments "hereafter rendered," section 11033.4 refers to judgments "heretofore rendered." In that case the plaintiff had recovered judgment on a note secured by a mortgage on December 20, 1933, which was before chapter 487-E1, Code, 1935, went into effect. Accordingly, what is now section 11033.4, Code, 1939, was applicable, and, since there was no provision in the judgment for foreclosure of the mortgage, after two years it was barred. On February 6, 1935, plaintiff commenced an action to foreclose the mortgage. On July 18, 1938, a decree

was entered for $4,477.07 and for foreclosure of the mortgage. At page 1013 of 225 Iowa, page 725 of 282 N. W., we state:

"It will thus be seen that plaintiff's action to foreclose was commenced before two years had elapsed from the date of the judgment on the note, but the decree was entered after the bar of section 11033-g2 had become complete against the judgment."

At the same pages, we also state:

"The precise question is this: Is the plaintiff, who brought her suit to foreclose before the judgment taken on the note alone was barred, and whose mortgage had years yet to run, deprived of her right to enforce her lien even though her debt has admittedly not been paid? Or, to state it differently: Conceding the fact to be as it is here, that the defendants' debt to plaintiff was never paid, did the bar of section 11033-g2 against the judgment cancel the debt which defendants owe to plaintiff?"

At pages 1017 and 1018 of 225 Iowa, page 727 of 282 N. W., we state:

"In keeping with our statutes and the authorities cited, it appears to us that the equities demand that the decree of the trial court should be sustained.

"The plaintiff had two causes of action—one at law on the note, and one in equity for foreclosure. The debt has never been paid and a decree for defendants would deprive plaintiff of nearly $4,500 which is justly due. The defendants have had her money and make no claim of having repaid any of it. These considerations, of course, could have no weight if the statute demanded the construction placed upon it by defendants. Conceding that the judgment itself is extinct for all purposes except set-off and counterclaim, it does not follow that the lien of the mortgage (which has yet years to run) securing the unpaid debt is likewise extinguished. If it had been the purpose or intent of the legislature to attain such a result, it would have been very easy to say so while formulating section 11033-g2

by declaring that any and all securities given for the debt sued on were also barred in two years.

"We reach the conclusion that plaintiff's right of foreclosure is not barred by the statute, and that the decree of foreclosure entered by the trial court is right."

Applying the foregoing pronouncement to the record herein, it is obvious that defendant's action to foreclose its mortgage is not barred. The action was pending when the claim against the estate was allowed but it had been continued under the moratorium statute at the request of those who now claim that it is barred. The claim specifically reserved the right to foreclose the mortgage and the order allowing the claim also preserved that right. In view of the position taken by us in Beckett v. Clark, supra, there can be no doubt that the right to proceed with the foreclosure of the mortgage is not affected by section 11033.3, Code, 1939.

In addition to the right to foreclose the mortgage, there is also the remedy of collecting the debt in the probate proceedings. In Berg v. Berg, supra, we refer to what is now chapter 487.1, Code, 1939, and state, at page 334 of 221 Iowa, page 826 of 264 N. W., as follows:

"The circumstance that the judgments affected by this act are judgments as to which there are special opportunities to collect or have gone through an official process of collection, or are on claims which have gone through such process, suggests a very reasonable and natural classification of such judgments for the purpose of imposing a shorter limitation upon the time during which they must be collected."

Defendant calls attention to the history of litigation herein. We are satisfied that the order allowing the claim against this estate does not have the "special opportunities to collect" which are referred to in the above quotation.

Ordinarily, a judgment is collected by levy of an execution. In Deaton v. Hollingshead, 225 Iowa 967, 974, 282 N. W. 329, 333, we held that, where a judgment within the contemplation of section 11033-g2, Code, 1935, had become barred by that

statute, it could be enforced, nevertheless, by an execution that had been levied within the two-year period, stating as follows:

"A judgment is enforced by execution proceedings. We hold that if these proceedings are instituted by the issuance of an execution, and levy is made during the lifetime of the judgment, a sale under such proceedings, though had after the judgment is barred by the statute of limitations, is valid."

The foregoing pronouncement illustrates why section 11033.3, Code, 1939, is not applicable to an order establishing a claim against an estate. Under that section the holder of a judgment on a note has two years within which to enforce the judgment by execution. If the levy is made within the two years, a sale may be had to enforce payment. But an order allowing a claim against an estate cannot be enforced by execution. Federal Land Bank v. Ditto, 227 Iowa 475, 478, 288 N. W. 618; Orcutt v. Hanson, 71 Iowa 514, 517, 32 N. W. 482; Smith, Murphy & Co. v. Shawhan, 37 Iowa 533, 534. It is clear that section 11033.3 was not intended to be applicable to the order allowing defendant's claim against the estate herein.

In Smith, Murphy & Co. v. Shawhan, supra, at the outset of the opinion, we state:

"The appellant relies alone upon the statute of limitations to defeat the plaintiff's recovery. It is the only question presented by him in argument. His plea is based upon the fourth subdivision of section 2740 of the Revision, which limits the prosecution of actions, for the causes therein enumerated, to ten years.

"The position taken by appellant in his argument is, that the filing and allowance of the plaintiff's claim in the county court was, and is, to be considered as a *judgment* in that court; that the county court was not a court of record, and that an action on a judgment therein rendered is by the statute barred in ten years."

In holding that the bar of the statute was not applicable, we state, at page 535:

"One of the necessary incidents of every judgment is its means of enforcement by execution. An order of the county

court allowing a claim against an estate and ordering the payment of such claim cannot be thus enforced. The county court has no power to issue execution upon such an order. We are of opinion that the filing and allowance of the plaintiff's claim in the county court did not constitute a 'judgment,' in the sense in which that term is used in the clause of the statute of limitations which we have been considering, and consequently that the claim of the plaintiff is not barred as a judgment of a court not of record. We are furthermore of opinion that the action is not barred under any clause of the statute.''

The foregoing pronouncement appears to be conclusive upon the question now before us. The special limitation of section 11033.3 was not intended to be a bar against the orderly liquidation of a debt that has been allowed against an estate. It is not applicable to the order allowing the claim against the estate herein.

The prayer of plaintiffs' petition reads as follows:

''Therefore, the plaintiffs pray that their title in said estate be established against the adverse claims of the Equitable Life Assurance [Society] of the United States, and all clouds of plaintiffs' title be removed and that said defendant and all persons claiming by or through it be barred, precluded and forever estopped from having or claiming any right, title or interest adverse to the plaintiffs in and to the above entitled premises, and that the title to said land be quieted in the plaintiffs and the defendant H. N. Christensen as aforesaid and that the defendant, the Equitable Life Assurance Society of the United States be adjudged to pay the costs of this action and for such other and further relief as may be deemed equitable in the premises.''

Under the record herein and the authorities above reviewed, plaintiffs are not entitled to any of the relief here sought. The court correctly so held.

Plaintiffs contend that defendant has asserted that the allowance of its claim was an adjudication which gave it a lien on the real estate, that this was an assertion that the allowance of the claim was a judgment and defendant is now estopped

to claim otherwise. Defendant concedes that its claim to a lien was not well grounded and contends that its assertion that there was an adjudication is not inconsistent with the contention that the adjudication was not a judgment within the contemplation of section 11033.3. We are disposed to agree with defendant.

Plaintiffs complain of the overruling of their motion to strike parts of defendant's answer. In view of our decision on the merits of the case, we see no need to decide this question.

The cause is—Affirmed.

GARFIELD, C. J., and MULRONEY, HALE, OLIVER, BLISS, SMITH, and WENNERSTRUM, JJ., concur.

MANTZ, J., takes no part.