FANNIE B. BECKETT, Appellee, v. JOHN W. CLARK et al., Appellants, D. N. CLARK, Defendant.

No. 44601.

DECEMBER 13, 1938.

John F. Abegglen, for appellants.

Mabry & Mabry, and Theodore B. Perry, for appellee.

SAGER, C. J.—The defendant D. N. Clark has not appealed, and his claims will have no attention here. Appellants will be referred to as defendants.

On February 20, 1929, defendants gave to plaintiff a note for $2,800, secured by the mortgage involved herein, and on April 19, 1933, plaintiff brought suit at law thereon. This action was, on motion of defendants, transferred to equity, and in that court, on December 20, 1933, plaintiff had decree for the amount due. No provision was made either for foreclosure or the appointment of a receiver.

On February 6, 1935, plaintiff commenced the case now before us, in which, among other relief asked for, she prays that the mortgage be decreed to be a lien from its date, February 20, 1929, and that it be foreclosed. The prayer also asks for other relief common to this class of actions. A decree for $4,477.07 was entered on July 18, 1938. It will thus be seen that plaintiff's action to foreclose was commenced before two years had elapsed from the date of the judgment on the note, but the decree was entered after the bar of section 11033-g2 had become complete against the judgment.

Defendants state the basis of their appeal as follows:

"There is no dispute as to any of the facts in this case. The only issue is as to the effect and interpretation of section 11033-g2, Code 1935. If this statute did not extinguish and utterly destroy the force and vitality for *any purpose* of the original judgment two years after this statute became effective, May 3, 1935, then the judgment and decree of the trial Court is correct."

This does not accurately state the proposition before us as we see it. The precise question is this: Is the plaintiff, who brought her suit to foreclose before the judgment taken on the note alone was barred, and whose mortgage had years yet to run, deprived of her right to enforce her lien even though her debt has admittedly not been paid? Or, to state it differently: Conceding the fact to be as it is here, that the defendants' debt to plaintiff was never paid, did the bar of section 11033-g2 against the judgment cancel the debt which defendants owe to plaintiff?

We again call attention to the fact that this foreclosure suit was brought before the judgment was barred. To the mind of the writer this is probably not important in reaching the cor-

rect conclusion here; but the decision of the question whether a different result would be required if the suit had been started after the two-year period had elapsed (no rights of third parties intervening) is reserved to the time when it shall arise.

Section 11033-g2, Code 1935, which became effective May 3, 1935, reads as follows:

"Judgments heretofore rendered or in actions now pending upon promissory obligations secured by mortgage or deed of trust of real estate, and upon which judgments or actions now pending the holder thereof brought suit direct upon the said promissory obligation without a foreclosure against said security, shall have no force or vitality for any purpose other than a set-off or counterclaim from and after the expiration of two years from the passage of this act * * * and no execution shall be issued thereon."

The case before us is one of first impression. We can, therefore, find no help in the decided cases except by applying by analogy the principles which they announce.

In Equitable Life Ins. Co. v. Rood, 205 Iowa 1273, 218 N. W. 42, we said [page 1279 of 205 Iowa, page 45 of 218 N. W.]:

"We have long recognized the rule that the holder of such a note may sue directly on the note in a law action, and recover judgment, and that he may thereafter maintain a separate action for the foreclosure of the mortgage given to secure said indebtedness."

See, also, Gilman v. Heitman, 137 Iowa 336, 113 N. W. 932.

These cases announce the general rule. Rossiter v. Merriman, 80 Kans. 739, 104 P. 858, 24 L. R. A. (N. S.) 1095, and Note; 34 C. J., Title, Judgments, sec. 1163; 15 R. C. L., Title, Judgments, sec. 243; 19 R. C. L., Title, Mortgages, sec. 219.

And putting the note in judgment does not operate to discharge the mortgage.

In Port v. Robbins, 35 Iowa 208, we said:

"The law is well settled, that a mortgage given to secure a *debt*, and not the note or bond or other *evidence* of it, remains a lien on the mortgage property until the *debt* is paid; that no change in the form of the evidence or the mode or time of payment. nothing short of *actual payment of the debt*, or an express

release, will operate to discharge the mortgage. The mortgage remains a lien until the *debt* it was given to secure is satisfied, and is not affected by a change of the note, or by giving a different instrument as evidence of the debt, or by a judgment at law on the note merging the original evidence of indebtedness. (Citing authorities)."

Some of the reasons for the foregoing announcements are well stated by Evans, J., in Schnuettgen v. Mathewson, 207 Iowa 294, 300, 222 N. W. 893, 896:

"We have held that a mortgagee may maintain a personal action on his note against the debtor, and may, after judgment therein, foreclose his mortgage. But we have never held that a mortgagee who has foreclosed his mortgage by good personal service may afterwards maintain a separate action upon his promissory note. Indeed, we have held affirmatively to the contrary. Kenyon v. Wilson, 78 Iowa 408, 43 N. W. 227, and cases therein cited. The reason for the distinction is apparent. The note is the evidence of the debt. When merged in judgment, the judgment becomes the evidence of the debt. Jurisdiction in a foreclosure suit rests in the county where the mortgaged property is situated. A creditor may be able to obtain personal jurisdiction of his debtor where he finds him, without acquiring such jurisdiction in the county where the mortgage must be foreclosed. But when the mortgagee forecloses his mortgage upon personal service, he exhausts the full measure of remedy available to him against such defendant."

The Federal court, in Cutler Hardware Co. v. Hacker, Iowa, 8 Cir., 238 Fed. 146, 147, announced this general principle:

"While merger in judgment is the general rule, yet according to recognized exceptions the judgment will be construed as a new form of the old debt when justice and equity require. The incident of the old debt will be carried forward to prevent the inequitable destruction of a right, privilege, or exemption."

And the same view is expressed by the Minnesota court in Gould v. Svendsgaard, 141 Minn. 437, 170 N. W. 595, in this language [page 596]:

"A judgment merges the cause of action so that the judgment creditor may not maintain another action against the judgment debtor upon the original cause of action. But the doctrine

of merger is calculated to promote justice and will be carried no farther than the ends of justice require.''

In none of our decisions has it been held that the taking of a judgment operates as a payment or annihilation of the debt, but all seem to proceed on the principle that as long as the debt itself is unpaid the mortgage lien exists.

We note, however, what seems to be an exception in Johnson v. Keir, 220 Iowa 69, 261 N. W. 792. In that case, Anderson, J., speaking for the court, uses language which lends some apparent support to defendants' contention. On page 76, 261 N. W., on page 796, of that opinion this language appears:

''Ordinarily, a statute of limitations affects the remedy and not the right, and the debt is not paid or canceled when a statute of limitation has barred the remedy, but section 11602, as now amended, not only bars the remedy, but it cancels the *debt* for all purposes, except as a set-off or counterclaim.'' (Italics inserted.)

The cancellation of the judgment and not the debt was there involved, and the expression is dictum.

Later on in the opinion (page 78 of 220 Iowa, page 797 of N. W. 261) this language appears:

''We are constrained to hold that chapter 178 of the 45th General Assembly annihilates appellees' *judgment* for all purposes, except as a counterclaim or set-off from and after January 1, 1934.'' (Italics inserted.)

It will be seen here that it is the *judgment* which is annihilated, and not the *debt,* as is stated in the first quotation.

The Johnson case was an action to foreclose a mortgage and to declare a prior judgment inferior to that mortgage. Relief was denied, and on appeal the case was reversed. In that action it was sought to continue, under section 11033-e2, a judgment which had been barred under section 11033-e1, so as to give priority over plaintiff's mortgage. That was all there was involved in that case; and we there decided that any such extension, to be effective under the statute, must be made before the judgment itself had expired.

The case of McAleer v. Clay County, C. C. (Iowa), 42 Fed. 665, is interesting and instructive upon the question before us. While the opinion seems to differ somewhat from our decisions

in its construction of the effect of a barred judgment, it never-the less recognizes that a lien is not exterminated by the death of the judgment upon which it is based. In that case plaintiff sought a writ of mandamus to compel the levy of a tax to pay a debt. While the application was pending the judgment was barred by limitation. Counsel for the plaintiff sought to claim for the application for mandamus the same force and effect as an execution levied might have given, to wit, a lien on the premises involved. The Federal court declined to take this view, and disposed of the claim in this language [page 666]:

"Conceding, for the sake of argument, that the filing of the information is to be deemed to be the equivalent of the issuance of a writ of execution, it does not. follow that thereby any lien or other right has been acquired which remains in existence after the judgment has ceased to be operative and enforceable. If, during the life-time of an execution, the same is levied upon property, thereby a new right is created in the execution plaintiff. The levy of the execution is *prima facie* a satisfaction of the judgment; and the lien, whether legal, equitable, or statutory, created by the levy of an execution, is not defeated by the mere fact that after the creation of the lien the period of time has elapsed which terminates the right to the issuance of an original writ of execution upon the judgment, or which bars a new action upon the judgment."

In keeping with out statutes and the authorities cited, it appears to us that the equities demand that the decree of the trial court should be sustained.

■ The plaintiff had two causes of action—one at law on the note, and one in equity for foreclosure. The debt has never been paid and a decree for defendants would deprive plaintiff of nearly $4,500 which is justly due. The defendants have had her money and make no claim of having repaid any of it. These considerations, of course, could have no weight if the statute demanded the construction placed upon it by defendants. Conceding that the judgment itself is extinct for all purposes except set-off and counterclaim, it does not follow that the lien of the mortgage (which has yet years to run) securing the unpaid debt is likewise extinguished. If it had been the purpose or intent of the legislature to attain such a result, it would have been very easy to say so while formulating section 11033-g2 by declar-

1018

ing that any and all securities given for the debt sued on were also barred in two years.

We reach the conclusion that plaintiff's right of foreclosure is not barred by the statute, and that the decree of foreclosure entered by the trial court is right.

This makes it unnecessary to pass on other propositions presented in the briefs. Defendants' motion to strike plaintiff's additional abstract and reply brief and argument is overruled.

The decree of the lower court should be, and it is affirmed. —Affirmed.

MITCHELL, ANDERSON, KINTZINGER, MILLER, RICHARDS, HAMILTON, and STIGER, JJ., concur.