# IN THE SUPREME COURT OF IOWA

No. 14–1536

Filed January 29, 2016

**U.S. BANK NATIONAL ASSOCIATION,** as Trustee in Trust for SASCO 2006-BC3 Trust Fund**,**

Appellee,

vs.

JEREME L. LAMB; BANK OF AMERICA, N.A.; NATIONSTAR MORTGAGE, LLC; STATE OF IOWA, DEPARTMENT OF REVENUE; U.S. BANK NATIONAL ASSOCIATION, as Trustee For The C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-SL1,

Defendants,

and

**CATHY R. CALLEN,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

Mortgagor seeks further review of a court of appeals decision affirming the trial court's grant of summary judgment in favor of the mortgagee bank. **AFFIRMED.**

David A. Morse of Rosenberg & Morse, Des Moines, for appellant.

David W. Nelmark of Belin McCormick, P.C., Des Moines, and Benjamin W. Hopkins of Petosa, Petosa & Boecker, L.L.P., Clive, for appellee.

Patrick B. Bauer, Iowa City, for amicus curiae.

**APPEL, Justice.**

In this case, we are called upon to determine the rights of a mortgagee and a mortgagor when the mortgagee obtained a decree of foreclosure in February 2010, filed a notice of rescission in March 2012, and filed a subsequent petition seeking foreclosure in October 2013. The mortgagor asserts that under Iowa Code section 615.1 the mortgagee had only two years to enforce its March 2012 judgment and failure to do so extinguished "all liens." The mortgagee contends that only the judgment lien is extinguished by the two-year statute of limitations in Iowa Code section 615.1 and that its rescission of the original foreclosure judgment was valid under Iowa Code section 654.17.

The district court granted the mortgagee summary judgment. The mortgagor appealed. The court of appeals affirmed the judgment of the district court. On further review, we too affirm the judgment of the district court for the reasons stated below.

## I. Background Facts and Proceedings.

The facts are undisputed. Cathy Callen and Jereme Lamb executed a promissory note for real property in 2006. The note was secured by a mortgage. U.S. Bank National Association is the holder of the promissory note and mortgage. Callen and Lamb defaulted on the promissory note. U.S. Bank then brought a foreclosure action and obtained an in rem judgment and decree of foreclosure against Callen and Lamb in February 2010. Two sheriffs' sales were scheduled but were both subsequently cancelled by U.S. Bank.

U.S. Bank filed a notice of rescission of the foreclosure in March 2012, more than two years after the entry of the original judgment. In October 2013, U.S. Bank filed its current foreclosure action and moved for summary judgment on the undisputed facts. Callen filed

counterclaims for quiet title and wrongful foreclosure arguing that, despite not making any loan payments on the property for more than six years, she is entitled to own the property free and clear because the house was not sold within two years of the foreclosure decree. The district court ruled in favor of the bank on summary judgment, and the decision was affirmed by the court of appeals.[1]

## II. Standard of Review.

We review rulings on motions for summary judgment for correction of errors at law. Iowa R. App. P. 6.907; *Goodpaster v. Schwan's Home Serv., Inc.*, 849 N.W.2d 1, 6 (Iowa 2014). In ruling on a motion for summary judgment, the court views the record in the light most favorable to the party opposing summary judgment. *Goodpaster*, 849 N.W.2d at 6.

## III. Discussion.

**A. Introduction.** The dispute in this case involves the proper interpretation of two statutes related to mortgage foreclosure proceedings. We begin with Iowa Code section 615.1. This section provides, in relevant part:

> **Execution on certain judgments prohibited.**
> 1. After the expiration of a period of two years from the date of entry of judgment, . . . a judgment entered in any of the following actions shall be null and void, all liens shall be extinguished, and no execution shall be issued except as a setoff or counterclaim:
> *a.* (1) For a real estate mortgage . . . executed prior to July 1, 2009, an action for the foreclosure of the real estate mortgage . . . .

---

[1]The court gratefully acknowledges the helpful amicus brief filed in this matter by Professor Patrick B. Bauer of the University of Iowa law school, a leading expert in Iowa mortgage foreclosure law.

Iowa Code § 615.1 (2013). Section 615.1, however, is qualified by Iowa Code section 654.17. Section 654.17 provides, in relevant part:

> **Recision of foreclosure.**
> 1. At any time prior to the recording of the sheriff's deed, and before the mortgagee's rights become unenforceable by operation of the statute of limitations, the judgment creditor . . . may rescind the foreclosure action by filing a notice of recision with the clerk of court . . . .
> 2. Upon the filing of the notice of recision, the mortgage loan shall be enforceable according to the original terms of the mortgage loan and the rights of all persons with an interest in the property may be enforced as if the foreclosure had not been filed.

*Id.* § 654.17.

Mortgagor Callen asserts that under Iowa Code section 615.1, "all liens" are extinguished if the mortgagee fails to execute on an underlying judgment of foreclosure within two years. Callen argues the plain meaning of "all liens" is that after the passage of two years from the date of the judgment of foreclosure, the mortgagee loses all interest in the underlying property. Callen further argues that while the mortgagee has a right to rescind a judgment of foreclosure under Iowa Code section 654.17, the right to rescind must be exercised "before the mortgagee's rights become unenforceable by operation of the statute of limitations." *Id.* Callen argues that the applicable statute of limitations for rescinding a judgment of foreclosure is the two-year period provided in Iowa Code section 615.1.

Thus, according to Callen, the judgment of foreclosure obtained by the mortgagee bank in this case became null and void after the passage of two years without execution, and the bank's ability to rescind the judgment of foreclosure also expired at the same time.

The mortgagee bank responds that considered in context, the term "all liens" in Iowa Code section 615.1 means only all judgment liens

related to the underlying foreclosure action. It does not bar judgment liens arising out of a *second* foreclosure action. The bank notes that Callen engaged in additional defaults after the original foreclosure judgment had been obtained.

In the alternative, the mortgagee bank suggests that under Iowa Code section 654.17, its rescission of the prior foreclosure action was timely. The bank argues that a rescission of a prior foreclosure is valid if filed within two years of the issuance of an execution of the prior judgment. In support of this argument, the bank cites *Deaton v. Hollingshead*, 225 Iowa 967, 974, 282 N.W. 329, 333 (1938). In *Deaton*, we held that if proceedings were instituted by "issuance of an execution, and levy is made during the lifetime of the judgment, a sale under such proceedings, though had after the judgment is barred by the statute of limitations, is valid." *Id.* The bank suggests that because the execution issued on January 27, 2012, was issued within two years of the February 11, 2010 judgment, the bank's rights had not become "unenforceable by operation of the statute of limitations." Iowa Code § 654.17(1). As a result, the bank asserts it is not necessary to address the "open question" of whether the statute of limitations applicable to the lender's rescission rights in section 654.17(1) is the two-year period established by Iowa Code section 615.1 or the standard ten-year period for breach of a written contract. *See Bank of Am., N.A. v. Schulte*, 843 N.W.2d 876, 883 n.4 (Iowa 2014) (recognizing but not deciding the proper statute of limitation for rescission under Iowa Code section 654.17).

**B. Analysis.** We begin with the question of whether the "all liens" language in Iowa Code section 615.1 extinguishes all claims the mortgagee has against the debtor mortgagor. At the outset, we recognize

that Iowa Code section 615.1 "prescribes a 'special statute of limitations' that 'was passed with the legislative purpose of aiding judgment debtors.' " *Id.* (quoting *Lacina v. Maxwell*, 501 N.W.2d 531, 533 (Iowa 1993)). The question before us is not whether the statute gives relief to judgment debtors, which it surely does, but the scope of such relief.

We deal first with the plain meaning argument advanced by Callen. No doubt there are occasions when the language of the statute in the context of a particular dispute is unambiguous. Yet, we must apply the plain meaning rule with caution. *Rolfe State Bank v. Gunderson*, 794 N.W.2d 561, 564 (Iowa 2011) ("[C]ourts should be circumspect regarding narrow claims of plain meaning and must strive to make sense of our law as a whole."). In particular, legislative use of terms such as "any" and "all" often require contextual analysis of surrounding language to determine their precise meaning.

For example, we recently held in a workers' compensation discovery context that a statute providing for the release of "all information" should not be so broadly construed as to require release of work product or privileged material. *See Iowa Ins. Inst. v. Core Grp. of Iowa Ass'n for Justice*, 867 N.W.2d 58, 79 (Iowa 2015) (holding that statute requiring workers' compensation carrier to release *all* information concerning the employee's physical or mental condition does not affect the work product doctrine); *In re Estate of Troester*, 331 N.W.2d 123, 126 (Iowa 1983) (the words "all orders" in a statute proving that all orders in a probate court are final decrees was not intended "to provide finality and thus make appealable those procedural rulings" in probate hearings); *Johnson v. Bd. of Adjustment*, 239 N.W.2d 873, 880–81 (Iowa 1976) (finding that the words "all uses" in a zoning ordinance did not mean every lot was required to satisfy a minimum acreage requirement); *Silver*

*Lake Consol. Sch. Dist. v. Parker*, 238 Iowa 984, 997, 29 N.W.2d 214, 221 (1947) (holding "the word 'all' in various parts of the school laws" applied only to all public schools); *In re Licenses for Sale of Used Motor Vehicles*, 179 N.W. 609, 611 (Iowa 1920) (concluding words "all vehicles" did not include all used vehicles).

Here, we conclude the statute is at least sufficiently ambiguous to require construction and interpretation. *See Iowa Ins. Inst.*, 867 N.W.2d at 71–72. We certainly understand the argument that all liens means all liens, yet the location of the phrase within a statute that appears to narrowly govern certain judgments imposes an obligation of further analysis to determine the objective meaning of the statute. *See In re Estate of Melby*, 841 N.W.2d 867, 879 (Iowa 2014) ("When construing statutes, we assess not just isolated words and phrases, but statutes in their entirety . . . ."); Norman J. Singer & J.D. Shambie Singer, 2A *Sutherland Statutory Construction* § 46:5, at 225 (7th ed. rev. 2014) ("A statutory subsection may not be considered in a vacuum, but must be considered in reference to the statute as a whole . . . .");. In other words, because we find the bank's interpretation that all liens means all judgment liens arising from a foreclosure judgment plausible and that it does not do direct violence to the statutory language, we think further inquiry is required. *Sherwin-Williams Co. v. Iowa Dep't of Revenue*, 789 N.W.2d 417, 424 (Iowa 2010) ("A statute is ambiguous if reasonable minds could differ or be uncertain as to the meaning of the statute." (quoting *Carolan v. Hill*, 553 N.W.2d 882, 887 (Iowa 1996))); *State v. McCullah*, 787 N.W.2d 90, 94 (Iowa 2010) (stating that ambiguity may arise "from the general scope and meaning of the statute when all of its provisions are examined" (quoting *Carolan*, 553 N.W.2d at 887)).

We begin with considering the context of the "all liens" language in Iowa Code section 615.1(1). *T & K Roofing Co. v. Iowa Dep't of Educ.*, 593 N.W.2d 159, 162 (Iowa 1999) (We "consider the context within which the words are used" when interpreting a statute.); *accord State v. Carter*, 582 N.W.2d 164, 166 (Iowa 1998). No one contends that "all liens" is so broad to include, for instance, junior mortgage liens of third parties or third-party mechanics' liens on the property being foreclosed by a mortgagee who is a stranger to other lienholders. Thus, the term "all liens" necessarily requires some interpretive limits.

We note that the "all liens" language appears in a chapter entitled "Limitations on Judgments," Iowa Code chapter 615, and in a section of the Code labeled "Execution on certain judgments prohibited." Iowa Code § 615.1. We think the bank makes a persuasive case that in context, the term "all liens," in the larger statutory context, means "all [judgment] liens." *See Den Hartog v. City of Waterloo*, 847 N.W.2d 459, 462 (Iowa 2014) (finding the title of the chapter and other provisions instructive in statutory interpretation). As we noted in *Rolfe State Bank*, we should be cautious of accepting a broad reading of a statute found in a narrow area of the Code, calling such an approach "a trap for the unwary." 794 N.W.2d at 567.

Aside from the title of the chapter and of the section, we note the language of Iowa Code section 615.1 specifically and repeatedly refers to "judgments." The first sentence refers to the expiration of two years from the date of entry of "*judgment*," exclusive of any time when the execution on the "*judgment*" is stayed by bankruptcy or order of court, and then states that a "*judgment*" is null and void, and that "no *execution*" shall be issued, except as a setoff or counterclaim. Iowa Code § 615.1(1) (emphasis added). The context of the specific section thus suggests that

"all liens shall be extinguished" is a reference to *judgment* liens and not the underlying mortgage debt. *See id.*; *Smith v. City of Fort Dodge*, 160 N.W.2d 492, 497 (Iowa 1968) (emphasizing that interpretation of "doubtful words may be ascertained by reference to the meanings of words associated with them").

In looking closely at the language of the statute, we recognize that the legislature refers to "all liens," a plural term, thus implying that more than one lien may be extinguished. We note, however, that the foreclosure of a mortgage may encumber multiple parcels of real estate that give rise to multiple judgment liens. As a result, we do not think the use of the plural term cuts against our interpretation of the statute.

Our caselaw under the predecessor to the current language in Iowa Code section 615.1(1) supports our interpretation. In *Berg v. Berg,* we emphasized that the legislature only limited the enforceability of judgments and not the underlying debt. 221 Iowa 326, 327–28, 336, 264 N.W. 821, 822, 827 (1936). Then, in *Beckett v. Clark,* we unequivocally endorsed the distinction, noting that if the legislature had intended to abolish the underlying mortgage debt, it could have said so in clear language. 225 Iowa 1012, 1017–18, 282 N.W. 724, 727 (1938). We stated:

> If it had been the purpose or intent of the legislature to attain such a result [extinguishing the mortgage lien], it would have been very easy to say so . . . by declaring that any and all securities given for the debt sued on were also barred in two years.

*Id.*

The approach in *Berg* and *Beckett* appeared in subsequent cases. In *Dobler v. Bawden,* we stressed that the predecessor of Iowa Code section 615.1 was designed to provide "an exemption of certain forms of

judgment which otherwise would be entitled to the twenty-year period provided by the general statute of limitations." 238 Iowa 76, 83, 25 N.W.2d 866, 870 (1947). Similarly, in *Hell v. Schult*, we noted that the purpose of the statute was to free a debtor "from the burden of years of judgment liens." 238 Iowa 511, 514–15, 28 N.W.2d 1, 3 (1947).

We note that in *Monast v. Manley*, we held that when a debt is barred by the statute of limitations, the remedy upon the mortgage is also barred. 228 Iowa 641, 645, 293 N.W. 12, 13 (1940). *Monast*, however, did not involve an Iowa Code section 615.1(1) issue. Further, the question in *Monast* was whether extinguishing the debt extinguished the mortgage, not the statutory question of whether the expiration of the special statute of limitations of Iowa Code section 615.1(1) extinguishes the underlying debt or only the judgment lien arising from the foreclosure judgment.

Against this caselaw backdrop, the legislature in 2006 enacted the "all liens shall be extinguished" language that now appears in section 615.1(1). *See* 2006 Iowa Acts ch. 1132, § 2 (codified at Iowa Code § 615.1(2007)). Three years later, the legislature amended both Iowa Code section 615.1(1) and Iowa Code section 654.17 in a single bill. *See* 2009 Iowa Acts ch. 51, §§ 2, 9 (codified at Iowa Code § 615.1 and § 654.17 (2011)). We assume that the legislature was aware of *Berg*, *Beckett*, and their progeny when it enacted the new statutory language. *See Ackelson v. Manley Toy Direct, L.L.C.*, 832 N.W.2d 678, 688 (Iowa 2013) (noting "we presume the legislature is aware of our cases that interpret its statutes"). We discern no legislative intent to overturn our established approach to limitations on the enforcement of judgments embraced in our caselaw.

We thus conclude that the best reading of Iowa Code section 615.1(1) (2013) is that the "all liens" language refers only to judgment liens arising from a foreclosure proceeding in which the underlying judgment becomes null and void by operation of the two-year limit imposed by Iowa Code section 615.1(1). As a result, a mortgagee does not lose all rights in the property upon the expiration of the two-year period in Iowa Code section 615.1(1), but only the ability to enforce judgment liens against the property obtained by the now null and void judgment of foreclosure.

Callen makes one additional claim. Callen argues that the two-year statute of limitations in Iowa Code section 615.1(1) not only means that a foreclosure judgment cannot be enforced after two years but also that a rescission of the foreclosure action is barred after two years as well. Thus, Callen claims that by failing to seek rescission within two years, U.S. Bank cannot seek it thereafter. Thus, the theory of Callen is that after the passage of two years from the date of the judgment of foreclosure, U.S. Bank is left with in personam remedies but no in rem remedies. We expressly left this question open in *Bank of America*, 843 N.W.2d at 883 n.4.

Iowa Code section 615.1(1), however, by its terms relates only to enforcing the foreclosure judgment, not rescission. Rescission is governed by Iowa Code section 654.17(1). We must look to this provision of the Code for determining when a rescission action may be brought by a mortgagee.

In considering Iowa Code section 654.17(1), we must recognize that while the judgment lien is null and void after the passage of two years from the date of judgment, the mortgage indebtedness survives. *Beckett*, 225 Iowa at 1017–18, 282 N.W. at 727; *Berg*, 221 Iowa at 336, 264 N.W.

at 827. Under Iowa Code section 654.17(1), an action for rescission of the prior foreclosure may be brought within the period of time before the "mortgagee's rights" become "unenforceable by operation of the statute of limitations." We think the term "mortgagee's rights" is broader than the right to enforce a judgment lien referred to in Iowa Code section 615.1. Instead, the construction of the term "mortgagee's rights" that is most consistent with our *Beckett* and *Berg* caselaw is that the phrase refers to the rights arising from the underlying mortgage that *survives* the two-year period. We think the legislature recognized the *Berg* and *Beckett* type distinction when it used the broader phrase "mortgagee's rights" in Iowa Code section 654.17(1).

Further, we think the provisions of Iowa Code section 654.17(2) reinforce our view. This provision provides, among other things, that mortgagees who rescind judgments "subject to the provisions of section 615.1" are "permanently barred from a deficiency judgment." Iowa Code § 654.17(2). In short, when a foreclosure judgment is subject to Iowa Code section 615.1, the penalty under Iowa Code section 654.17(2) for failure to execute on the judgment within the prescribed two-year period is that the mortgagee forfeits the right to obtain a deficiency judgment in any subsequent foreclosure action. It does not extinguish the mortgagee's rights altogether.

In sum, we conclude the statute of limitations for such "mortgagee's rights," which govern the timeliness of rescission, is thus not the two-year special statute of limitations for enforcement of judgment liens created in Iowa Code section 615.1 but is instead either a ten-year or twenty-year statute of limitations found in the Iowa Code. *See id.* § 614.1(5) (requiring actions "founded on written contracts" be

brought within ten years); *id.* § 614.21 (barring actions to foreclose or enforce any real estate mortgage after twenty years of the date thereon).

We are tasked with harmonizing the various sections of the statute into a coherent whole. *Nw. Bell Tel. Co. v. Hawkeye Tel. Co.*, 165 N.W.2d 771, 774 (Iowa 1969). We think all the various statutory provisions can be made consistent with our caselaw and form a workable statutory framework under our interpretation. We hold that the "all liens" language in Iowa Code section 615.1(1) applies only to all judgment liens and that the two-year special statute of limitations in Iowa Code section 615.1(1) does not limit the period of time for a mortgagee to rescind a prior foreclosure judgment.

## IV. Conclusion.

For the above reasons, the order of the district court granting summary judgment on behalf of the mortgagee U.S Bank is affirmed.

**AFFIRMED.**