# IN THE COURT OF APPEALS OF IOWA

No. 15-1271
Filed August 17, 2016

**BANK ONE, NATIONAL ASSOCIATION, as Trustee,**
Plaintiff-Appellant,

**vs.**

**CHRISTOPHER G. DANIELS; Parties in Possession;**
**Unknown spouse, if any, of Christopher G. Daniels,**
Defendants-Appellees.
_____

Appeal from the Iowa District Court for Wright County, Christopher C. Foy, Judge.

A mortgagee bank appeals the district court's determination the bank's notice of recision of the foreclosure action was untimely. **REVERSED AND REMANDED.**

Mark D. Walz of Davis, Brown, Kohen, Shors & Roberts, West Des Moines, for appellant.

Christopher G. Daniels, Eagle Grove, for appellees.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, Presiding Judge.**

This appeal arises from a foreclosure action filed in equity on February 6, 2003, by Bank One[1] against Christopher G. Daniels[2] for defaulting on an April 3, 2001 promissory note secured by a mortgage of the same date. The bank's petition elected to foreclose without redemption, waived its rights to a deficiency judgment, and stated the mortgaged property is a residential dwelling. The bank sought judgment in rem against the real estate for unpaid principal and interest, costs, and attorney fees.[3] The court foreclosed the mortgage by default decree entered on April 8, 2003. The decree entered judgment in rem in favor of the bank and made the judgment a lien upon the mortgaged property.

Daniels filed a chapter 13 action in bankruptcy court, which stayed the bank's attempt to execute on its April 8, 2003 judgment. The bankruptcy court dismissed the action in early 2007. Thereafter, the bank filed a praecipe for special execution with the Wright County Clerk of Court on February 15, 2007. But for reasons not explained in our record, no sheriff's deed was issued. On June 3, 2015, the bank filed a notice electing "to rescind and set aside the [April 8, 2003] foreclosure decree" under Iowa Code section 654.17 (2015).[4]

---

[1] Bank One brought the action as the trustee for SASCO2006—BC3 Trust Fund.

[2] The bank included parties in possession as defendants.

[3] The bank's petition asked that interest be calculated from November 1, 2002, which was the date cited in its notice to cure sent to Daniels in December 2002.

[4] The statute states:

> At any time prior to the recording of the sheriff's deed, and *before the mortgagee's rights become unenforceable by operation of the statute of limitations*, the judgment creditor . . . may rescind the foreclosure action by filing a notice of recision with the clerk of court . . . . In addition, if the original loan documents are contained in the court file, . . . [u]pon the payment of [a] fee, the clerk shall . . . return the original loan documents to the mortgagee.

Iowa Code § 654.17(1) (emphasis added).

On June 26, 2015, the district court ruled the bank's notice of recision[5] was void, reasoning:

> Under section 654.17, a notice of recision must be filed "before the mortgagor's rights become unenforceable by operation of the statute of limitations." Here, the applicable statute of limitations is two years from the date the decree of foreclosure was entered, not counting any time during which execution was stayed pending a bankruptcy action. Iowa Code § 615.1.[6]

After noting the April 8, 2003 entry of the foreclosure decree, the district court ruled: "Any stay that might have been in effect due to the bankruptcy of the mortgagor was lifted or terminated no later than February 15, 2007." Based on these facts, the court found the last day for the bank to "enforce its rights under the foreclosure decree before expiration of the limitations period in section 615.1 or to file a notice of recision pursuant to section 654.17 was February 15, 2009." The court concluded the bank's failure to timely file its notice of recision rendered the notice "void and of no effect."

On appeal, the bank claims the district court erred in holding motions to rescind a foreclosure judgment are subject to the two-year statute of limitations in section 615.1(1). We review de novo. Iowa R. App. P. 6.907.

---

[5] While "rescission is the standard and etymologically preferable spelling," according to Bryan A. Garner, *Garner's Dictionary of Legal Usage* 777 (3d ed. 2011), our legislature used the alternative spelling—recision—in section 654.17, which we will use for consistency in this opinion.

[6] Section 615.1 sets out a "special statute of limitations" for the "purpose of aiding judgment debtors." *See Lacina v. Maxwell*, 501 N.W.2d 531, 533 (Iowa 1993). The relevant portion provides:

> After the expiration of a period of *two years from the date of entry of judgment*, exclusive of [time during a bankruptcy stay] . . . a [residential foreclosure] judgment [for a real estate mortgage executed prior to July 1, 2009,] shall be null and void, *all liens shall be extinguished*, and no execution shall be issued except as a setoff of counterclaim.

Iowa Code § 615.1(1) (emphasis added).

After the district court's 2015 ruling, our supreme court aided our resolution of this appeal by harmonizing the interplay of the two statutory provisions—section 654.17(1) and section 615.1(1)—into a "coherent whole." *See U.S. Bank, N.A. v. Callen*, 874 N.W.2d 112, 119 (Iowa 2016). The court ruled the special statute of limitations in section 615.1(1) "relates only to enforcing the foreclosure judgment, not recision" under section 654.17(1). *Id.*; *see U.S. Bank, N.A. v. Vahle*, No. 12-0439, 2012 WL 5539865, at *5 (Iowa Ct. App. Nov. 15, 2012) ("[S]ection 615.1 addresses the time for execution of a foreclosure judgment, not the time for a mortgagee to enforce its rights under the mortgage.").

Although a *judgment lien* is "null and void" after two years from the date of judgment under 615.1(1), nevertheless, "the mortgage indebtedness survives." *Callen*, 874 N.W.2d at 119. Accordingly, a "mortgagee's rights" in section 654.17(1), which become "unenforceable" by the statute of limitations, are broader rights than the "right to enforce a judgment lien" in section 615.1(1). *Id.* "[M]ortgagee's rights," instead, are "rights arising from the underlying mortgage that *survives* the two-year period." *Id.* The *Callen* court concluded:

> [W]hen a foreclosure judgment is subject to Iowa Code section 615.1, the penalty . . . for failure to execute on the judgment within the prescribed two-year period is that the mortgagee forfeits the right to obtain a deficiency judgment in any subsequent foreclosure action. It does not extinguish the mortgagee's rights altogether.
> . . . .
> . . . We hold that the "all liens" language in Iowa Code section 615.1(1) applies only to all judgment liens and the two-year special statute of limitations in Iowa Code section 615.1(1) does not limit the period of time for a mortgagee to rescind a prior foreclosure judgment.

*Id.* at 120 (citing Iowa Code § 654.17(2)). Based on this premise, we reverse the district court's ruling and hold Bank One's mortgage lien survived the two-year period in section 615.1(1). *See id.*

But the question remains whether the applicable statute of limitations was ten years under section 614.1(5) (requiring actions "founded on written contracts" be brought within ten years of the cause of action accruing) or twenty years under section 614.21 (barring actions to foreclose or enforce any real estate mortgage after twenty years of the date thereon). *See id.* (leaving open the question of which of these two limitations periods applied); *see also Bank of Am., N.A. v. Schulte,* 843 N.W.2d 876, 883 n.4 (Iowa 2014) (recognizing but not deciding proper statute of limitations for recision under section 654.17).

Bank One argues we should hold "at the very least" the ten-year period provided under section 614.1(5) governs motions for recision under section 654.17. The bank does not assert on what date it believes the ten-year statute of limitations began to run. While the district court held the two-year period under section 615.1 commenced on February 15, 2007, that calculation considered the stay pending Daniels's bankruptcy action. Iowa Code sections 614.1(5) and 614.21 do not expressly exclude time for a bankruptcy action. Accordingly, we find it necessary to remand this case for further proceedings where the district court should determine, in the first instance with the benefit of argument by the parties, which statute of limitations applies to Bank One's mortgagee's rights and when the limitations period commenced. We do not retain jurisdiction.

**REVERSED AND REMANDED.**