# IN THE COURT OF APPEALS OF IOWA

No. 17-1002
Filed July 18, 2018

**SIBLEY STATE BANK,**
     Plaintiff-Appellee,

**vs.**

**DALE W. BRAAKSMA, DANNA S. BRAAKSMA, JESSE DALE BRAAKSMA,
and BRAAKSMA GRAIN FARMS, INC.,**
     Defendants-Appellants.
_____

     Appeal from the Iowa District Court for Osceola County, Patrick M. Carr,

Judge.


     Farm debtors appeal the district court's grant of summary judgment to the

bank in a replevin action. **AFFIRMED.**



     Curt Krull of Waagmeester Law Office, P.L.C., Rock Rapids, for appellants.

     Daniel E. DeKoter of DeKoter, Thole, Dawson & Rockman, P.L.C., Sibley,

for appellee.


     Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.  Carr,

S.J., takes no part.

**TABOR, Judge.**

This replevin challenge is a companion case to a foreclosure appeal also decided today.[1] Dale and Danna Braaksma, their son Jesse, and Braaksma Grain Farms, Inc. (collectively the Braaksmas) signed security agreements giving Sibley State Bank rights to possession of the pledged collateral after default. Having rejected the Braaksmas' argument concerning Iowa Code section 654.2A(4)(b) (2017) in the foreclosure appeal, we affirm here by memorandum opinion.

## I. Facts and Prior Proceedings

In October 2016 the bank filed a petition for replevin. The petition alleged the Braaksmas were in default on six promissory notes, all of which included a commercial security agreement giving the bank an interest in the Braaksmas' property. In November, the Braaksmas answered admitting the execution of the promissory notes and the defaulted balances but denying knowledge of the bank's right to obtain satisfaction through the replevin process. That same month, the bank filed a motion for immediate writ of replevin and requested an expedited hearing. After an early December hearing, the district court granted the bank's application for immediate writ of replevin. The bank filed a replevin bond showing an amount of $2,589,218. On the same day, the clerk of the district court issued a writ of replevin to the Osceola County Sheriff.

In February 2017, the bank filed an accounting of replevied property and a notice of disposition of collateral, including tractors and other farm equipment that the bank intended to sell at auction to the highest bidder. The Braaksmas sought

---

[1] *See Sibley State Bank v. Braaksma*, (Iowa Ct. App. 2018).

an injunction; the bank resisted and asked for summary judgment on the replevin action.

In May 2017, the district court granted the bank's motion, reasoning

> the question in considering the pending motion for summary judgment is whether [the evidence], from the pleadings, affidavits and other materials offered in support or resistance thereof, shows that there is any material fact in dispute adverse to the Plaintiff's right to possession of the collateral.
>
> In this regard, default is admitted. All of the applicable security agreements provide that the Plaintiff bank is entitled to possession of the collateral upon default. It does not appear that there is any disputed material fact necessary to support the Plaintiff bank's right to possession of the collateral. Under this circumstance, the Court concludes that the Plaintiff is entitled to a judgment pursuant to Section 643.17 . . . .

The Braaksmas appeal.

## II.  Scope and Standards of Review

The standard of review in replevin actions is for correction of legal error. *Prenger v. Baker*, 542 N.W.2d 805, 807 (Iowa 1995). The same standard applies in the context of summary judgment rulings. Iowa R. App. P. 6.907; *U.S. Bank Nat'l. Ass'n v. Lamb*, 874 N.W.2d 112, 115 (Iowa 2016).

## III.  Discussion

Iowa Code chapter 643 governs replevin actions, which are designed for the narrow purpose of placing property with the party entitled to possession. *Roush v. Mahaska State Bank*, 605 N.W.2d 6, 9 (Iowa 2000). The key statute provides:

> The judgment shall determine which party is entitled to the possession of the property, and shall designate the party's right therein, and if such party have not the possession thereof, shall also determine the value of the right of such party, which right shall be absolute as to an adverse party . . . .

Iowa Code § 643.17.

The Braaksmas' only challenge to the replevin action echoes their contention in the foreclosure appeal—that they were not given the opportunity to cure their default under Iowa Code section 654.2A(1) and (4). We reject their interpretation of those provisions here for the same reasons we set out in the companion appeal. Accordingly, we affirm the district court's grant of summary judgment on the bank's replevin petition by memorandum opinion. *See* Iowa Court Rule 21.26(1)(b), (e).

**AFFIRMED.**